# BRUCE HERBERT DEAN *v.* STATE OF MARYLAND

[No. 119, September Term, 1980.]

*Decided September 10, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Gary W. Christopher, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court. SMITH, J., dissents.

This case presents the question whether an order revoking probation must be reversed if it is based in part upon a conviction of a crime, committed during the probationary period, which is subsequently reversed on appeal.

On 20 April 1978, in the Circuit Court for Kent County, the petitioner, Bruce Herbert Dean (probationer), pleaded guilty to receiving stolen goods. On 22 June 1978, he was sentenced to a term of three years. Execution of the sentence, however, was suspended, and he was released on probation subject to certain general and special conditions, including a special condition that he "obey all laws."

On 27 February 1980, a probation revocation hearing was held. The sole violation alleged was that the probationer had violated the special condition of the probation order that required him to obey all laws.

At the probation revocation hearing, in response to a question from the trial court, counsel for the probationer stated that the probationer denied committing the alleged violation. The State presented two witnesses. The first witness was the probationer's supervising probation officer. He testified, among other things, that the probationer was placed on probation on 22 June 1978. The probation officer stated that on 18 December 1979 he filed a special report,

admitted into evidence, requesting that probation be revoked on the sole ground that the probationer had violated the special condition that he obey all laws. The probation officer identified a certified copy of a docket entry that indicated that on 16 November 1979 the probationer was convicted of kidnapping. The probation officer said that the kidnapping conviction was then pending on appeal to the Court of Special Appeals. The docket entry was admitted into evidence without objection.

The State's second witness was a police officer who had personally investigated the kidnapping case. Over the probationer's objection, on direct examination, the police officer, relying on statements made by the alleged victims and the probationer's codefendant, and not upon his own personal observations, recounted the underlying facts and circumstances surrounding the alleged kidnapping. Included was the fact that the alleged victims had stated that "Bruce Herbert Dean was the operator of the truck" utilized in the alleged kidnapping. In addition, the police officer made an in-court identification of the probationer. On cross-examination, the police officer admitted that he was not reading statements made by the alleged victims or codefendant but was paraphrasing their statements that varied in content. On redirect examination, the police officer stated that he had been sequestered at the kidnapping trial and, therefore, did not know whether the facts contained in the statements were the same as those testified to at the kidnapping trial.

The probationer elected not to testify. No other evidence was presented.

At the conclusion of the hearing, the trial court said:

"The Court believes that in considering whether one has violated his probation that it can consider the records of this court and other courts, as well as information that is developed and furnished to the probation department, and for the purpose of this hearing the Court is considering the testimony of

[the police officer] as information which is furnished in connection with additional information furnished by the probation department. Although the conviction in Talbot County is on appeal, I think that I can consider that conviction as having established, at least to the satisfaction of the Court and the jury that Mr. Dean's conduct would amount to a violation of the law. Now that I have heard the facts on which the conviction is based, then I could draw a conclusion as to whether or not it is my belief that he did violate, or has violated the law. And he has violated the law in several respects. . . . So, from the additional evidence the Court has heard from the Probation Supervisor, the Probation Agent, and from the investigating officer the Court would find that this Defendant has violated Condition 4 of the Order of Probation passed June 22, 1978. That is, he has violated the laws of Maryland."

Thereafter, the trial court revoked probation and reimposed the three-year sentence.

The probationer appealed to the Court of Special Appeals. While this appeal was pending, the Court of Special Appeals reversed the probationer's conviction for kidnapping. *Dean v. State*, 46 Md.App. 536, 420 A.2d 288 (1980), *cert. denied*, 289 Md. 735 (1981). Thereafter, in an unreported opinion, the Court of Special Appeals specifically acknowledged the existence of the reversal but, nevertheless, affirmed the trial court's judgment revoking probation. *Dean v. State*, No. 155, September Term, 1980, filed 17 October 1980 (per curiam). In reaching this decision, the Court of Special Appeals reasoned that although sole reliance upon a judgment of conviction that is pending on appeal would be reversible error, here the evidence before the trial court "consisted of a mixture of both the fact of that 1979 Talbot County conviction and the testimony of the investigating officer in that case [whose] testimony, consisting in significant measure of

the stories told to him by the crime victims, went directly to the issue of the [probationer's] criminal conduct." The Court of Special Appeals concluded that because "the two distinct predicates for [the trial court's] finding were significantly intermingled," the trial court's judgment revoking probation should be affirmed.

The probationer filed a petition for a writ of certiorari that we granted. The State filed neither an answer nor a cross petition and, therefore, did not raise a question concerning the probationer's failure to object at trial to the introduction of the kidnapping conviction pending on appeal. *Dempsey v. State,* 277 Md. 134, 142-43, 355 A.2d 455, 459 (1976); *Walston v. Sun Cab Co.,* 267 Md. 559, 569, 298 A.2d 391, 397 (1973). We shall reverse the judgment of the Court of Special Appeals.

A probationer is entitled to retain his liberty as long as he substantially abides by the conditions of his probation. Probation may not be revoked unless the probationer has in fact acted in violation of one or more conditions of his probation. Generally, before probation may be revoked, the State must prove that the probationer has not complied with one or more lawful conditions of probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 784-85, 93 S.Ct. 1756, 1760-61 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 479-80, 92 S.Ct. 2593, 2599 (1972); *Coles v. State,* 290 Md. 296, 307-08, 429 A.2d 1029, 1035 (1981); *Humphrey v. State,* 290 Md. 164, 167, 428 A.2d 440, 443 (1981). The procedural protections afforded a probationer at a revocation of probation hearing are not equivalent to those accorded at a criminal trial. Formal procedures and the rules of evidence are not employed. Finally, before probation may be revoked, the trial court need only be reasonably satisfied that there was, in fact, a violation of probation. *Gagnon,* 411 U.S. at 789, 93 S.Ct. at 1763; *Coles,* 290 Md. at 308, 429 A.2d at 1035. *See Scott v. State,* 238 Md. 265, 276, 208 A.2d 575, 581 (1965); *Edwardsen v. State,* 220 Md. 82, 88-89, 151 A.2d 132, 135-36 (1959).

Under these principles, it is not necessary that a conviction precede a determination that the probationer has violated a condition of probation requiring him to obey all laws. If it is shown by independent, probative evidence that the probationer has committed a crime subsequent to his probation and the trial court is reasonably satisfied by that evidence that the probationer committed the crime, probation may be revoked on the ground that the probationer violated the special condition of his probation that he obey all laws. *See Scott,* 238 Md. at 276-77, 208 A.2d at 581.

Here, if the trial court had relied solely upon independent, probative evidence showing that the probationer had committed a crime subsequent to his probation, revocation of probation would have been appropriate. However, the record shows that the trial court relied in part on the probationer's conviction for kidnapping in determining that the probationer had violated the special condition of his probation requiring him to obey all laws. The record further shows that at the time the Court of Special Appeals considered the propriety of the trial court's order revoking probation, it had already reversed the probationer's conviction for kidnapping. When the Court of Special Appeals considered the propriety of the order of revocation, it appropriately took judicial notice of its own records, *Jeweler v. Potomac Elec. Power Co.,* 217 Md. 458, 463, 144 A.2d 66, 68 (1958); *Christopher v. Sisk,* 133 Md. 48, 50, 104 A. 355, 355 (1918), and acknowledged the existence of the reversal of the probationer's kidnapping conviction. Thus, when the Court of Special Appeals affirmed the revocation order, it was aware that the trial court had relied in part on a conviction that was subsequently reversed and, therefore, was invalid. In light of the trial court's reliance on the kidnapping conviction subsequently determined to be invalid, fundamental fairness required the Court of Special Appeals to reverse the trial court's judgment.[1] *See, e.g., State v. Roberson,* 165

---

1. In view of this decision, we need not consider the contention that the petitioner's constitutional right to confrontation was violated because the

Conn. 73, 79-80, 327 A.2d 556, 559-60 (1973); *State* ex rel. *Roberts v. Cochran,* 140 So.2d 597, 599-600 (Fla.S.Ct. 1962); *People v. Hannah,* 31 Ill.App.3d 1087, 1090, 335 N.E.2d 84, 86-87 (1975); *State v. Guffey,* 253 N.C. 43, 45-46, 116 S.E.2d 148, 151 (1960). Accordingly, we shall reverse the judgment of the Court of Special Appeals.

> *Judgment of the Court of Special Appeals reversed.*
> *Case remanded to that court with directions to reverse the judgment of the Circuit Court for Kent County.*
> *Costs to be paid by Kent County.*

Judge Smith dissents.

---

trial court relied in part on hearsay evidence in the probation revocation hearing. *See* Gagnon, 411 U.S. at 786, 93 S.Ct. at 762. Nor need we consider whether a trial court's reliance solely upon a conviction pending on appeal constitutes reversible error.