520 A.2d 1315

**STATE of Maryland**

**v.**

**Solomon FULLER.**

**No. 115, Sept. Term, 1985.**

Court of Appeals of Maryland.

Feb. 10, 1987.

Richard B. Rosenblatt, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellant.

Barbara Matthews, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH *, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COUCH, Judge.

This appeal relates to the admissibility of hearsay at a probation revocation proceeding. We shall here hold that a respondent in a probation revocation hearing enjoys the right of confrontation of witnesses guaranteed to defendants in criminal proceedings, unless the State demonstrates good cause for dispensing with confrontation, and the trial judge makes a specific finding of good cause stated in the record of the revocation proceeding.

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Art. IV, § 3A, he also participated in the decision and the adoption of this opinion.

Respondent Solomon Fuller was convicted, in separate trials, of several counts of theft. In the first case, Case No. 8836, Fuller received a suspended sentence and was placed on three years probation, and in the second case, Case No. 8891, he received a suspended sentence and was placed on five years probation. Fuller subsequently was charged with uttering a bad check in connection with the purchase of an automobile; however, the charge was ultimately placed on the stet docket (the stetted case).[1] The underlying facts concerning the stetted case were elicited through hearsay testimony and admitted into evidence over defense objection at the consolidated probation revocation hearing for Case Nos. 8836 and 8891. Also admitted were docket entries reflecting a criminal conviction involving four counts of "bad checks."[2]

Judges Whitfill and Close of the Circuit Court for Harford County presided over the consolidated probation revocation hearing. Judge Whitfill heard the revocation petition in the first case, No. 8836, and found Fuller had violated two conditions of his probation: (1) failure to make restitution and pay costs, and (2) failure to obey all laws. With respect to the latter condition, Judge Whitfill specifically considered evidence in regard to the stetted case. In the second case, No. 8891, Judge Close found Fuller had failed to obey all laws based only on the "bad checks" conviction. Neither judge informed Fuller of his right to allocute in mitigation of punishment nor did Fuller request an opportunity to do so. *See* Md.Rule 4–342(d).[3] Each judge, having found a violation of probation conditions, revoked probation and imposed the original sentences.

---

1. Case No. 9522.

2. Case No. 9523.

3. Md.Rule 4–342(d) states:
   "(d) *Allocution and Information in Mitigation.*—Before imposing sentence, the court shall afford the defendant the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment."

Upon appeal to the Court of Special Appeals, the sentence imposed in No. 8836 was vacated and the case was remanded, without affirmance or reversal, for further proceedings. As to the second case, No. 8891, the court affirmed the finding of violation but vacated the sentence and remanded the case for further proceedings. *Fuller v. State*, 64 Md. App. 339, 495 A.2d 366 (1985). We granted the State's petition for writ of certiorari to review the judgment of the intermediate appellate court.

## I

At the consolidated hearing on both petitions for probation revocation, the State was permitted, over objection, to introduce the testimony of an officer who had investigated the stetted case. The officer testified that he had been told by the employees of a car dealership that Fuller had purchased a car from the company and had partially paid the down payment thereon with a $500.00 check which was returned by the bank because the check was drawn on a closed account. This check and a copy of the invoice for the car were also admitted into evidence.

Relying on *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), Fuller argues that the absence of the motor company employees at the probation revocation hearing violated his due process right to confront and cross-examine adverse witnesses guaranteed by the Fourteenth Amendment to the United States Constitution.

The State, on the other hand, relying on *Scott v. State*, 238 Md. 265, 208 A.2d 575 (1965), contends that procedural due process was not offended through the admission of hearsay testimony. While recognizing that since *Scott* the United States Supreme Court has decided *Morrissey* and *Gagnon*, the State argues that those cases do not undermine "the continued viability of *Scott.*" We agree that

*Scott* has not been completely overruled. Nonetheless, in our view, in context, it has been drastically weakened.

■ The Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes procedural and substantive limits on the revocation of the conditional liberty created by probation. *Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). If the State seeks to revoke probation, procedural due process entitles the probationer to a fair adjudicative procedure for determining the basis for the revocation of probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

In *Gagnon v. Scarpelli,* the Supreme Court held that a probationer is entitled to a final revocation hearing under the conditions specified in *Morrissey v. Brewer* for parole revocation proceedings. Fair process, for the probationer and the parolee faced with revocation of their conditional liberty, includes:

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) *the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation* ); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

*Gagnon,* 411 U.S. at 786, 93 S.Ct. at 1761 (quoting *Morrissey v. Brewer* ) (brackets in the original) (emphasis supplied).

■ Where a party to a probation revocation hearing objects to the admission of hearsay evidence, the threshold question to be resolved is admissibility under the law of

evidence of this State. In making that determination the trial judge should keep in mind that in probation revocation proceedings formal rules of evidence are not applied, *Gagnon v. Scarpelli,* 411 U.S. 778, 789, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656 (1973), and that reasonably reliable hearsay may be received. Where there is a confrontation issue the trial judge must undertake additional analyses. The proffered evidence must be tested against the formal rules of evidence to determine whether it fits any of the exceptions to the hearsay rule. If it does, the evidence and exception should then be reviewed to determine whether the criteria for satisfaction of the Confrontation Clause have been met.[4] If the criteria have been met, the evidence may be received on that basis, and no specific finding of good cause need be made. If, however, the proffered hearsay evidence runs afoul of rules of evidence applicable to revocation proceedings or the Confrontation Clause, it cannot be admitted unless it satisfies the standard of reasonable reliability and the trial judge makes, and states in the record, a specific finding of good cause.[5]

---

**4.** The United States Supreme Court has not "sought to 'map out a theory of the Confrontation Clause that would determine the validity of all ... hearsay "exceptions." ' " *Ohio v. Roberts,* 448 U.S. 56, 64–65, 100 S.Ct. 2531, 2538–2539, 65 L.Ed.2d 597 (1980) (quoting *California v. Green,* 399 U.S. 149, 162, 90 S.Ct. 1930, 1937, 26 L.Ed.2d 489 (1970)). *See also United States v. Inadi,* —— U.S. ——, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). And *see McCormick on Evidence* § 252 at 752 (E. Cleary 3d ed. 1984).

**5.** The decisions of the Supreme Court give little guidance on what constitutes good cause. *See Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604, and *Gagnon,* 411 U.S. at 783 n. 5, 93 S.Ct. at 1760 n. 5. One point of certainty is that good cause need not reach the high standard governing the admissibility of hearsay evidence at criminal trials. *Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. *See Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) (prior testimony admissible if declarant is unavailable and evidence bears adequate indicia of reliability). While we do not establish any fixed rules for what does or does not constitute good cause, we approve of the approach taken by the Court in *United States v. Bell,* 785 F.2d 640 (8th Cir.1986). That Court held that the trial court in a probation revocation proceeding must balance the probationer's right to confront a witness against the grounds asserted by the State for not requiring confrontation.

■ In the case *sub judice,* hearsay was admitted (some of it multiple hearsay) when the police officer testified as to what the employees of the car dealership related to him about the circumstances underlying the stetted case, and the admission of hearsay denied Fuller the opportunity to confront and cross-examine the employees of the car dealership. Because the record contains no finding of good cause for disallowing confrontation, and the excluded evidence does not appear to fall within any exception to the hearsay rule that also satisfies the Confrontation Clause, the trial judges committed error by admitting the hearsay declarations at the consolidated revocation proceeding.

■ Having reached this conclusion, it becomes necessary to determine whether the error here was harmless. *Dorsey v. State,* 276 Md. 638, 350 A.2d 665 (1976). Little need be said of Case No. 8836 since it is patent that Judge Whitfill considered the alleged hearsay evidence, along with the check and invoice, and concluded that Fuller had engaged in criminal activity. This conclusion, along with the other evidence which was properly before him, was used to find that Fuller had violated a condition of probation. It may be that Judge Whitfill would reach the same conclusion from the other evidence in the case, but we cannot be sure. Thus the error cannot be said to be harmless beyond a reasonable doubt. Accordingly, to afford Fuller due process, a new determination of whether there was a probation violation in Case No. 8836 should be made.

■ Judge Close, on the other hand, expressly stated in Case No. 8891 that he was relying only on the bad check convictions in Case No. 9523 as a sufficient basis for

*Bell,* 785 F.2d at 642. We suggest that the trial court evaluate such factors as: the explanation offered by the State for dispensing with confrontation, the reliability of the evidence which the State offers in lieu of live testimony, and whether the evidence is offered to prove a probation violation or is merely offered as evidence of such matters as the defendant's general character on probation.

revocation. As a result, the admission of the hearsay was harmless error with reference to the second revocation order.

## II

Assuming *arguendo* that Md.Rule 4–342(d) applies to revocation of probation hearings, the final question for consideration is whether the failure to request the right to allocute in mitigation of punishment or to object to the omission of an opportunity to do so precludes vacation of the disposition of the case. The Court of Special Appeals held that Md.Rule 4–342(d) mandated the right to allocution and since neither of the judges here complied with the rule, the sentences had to be vacated and the cases remanded. *Fuller v. State,* 65 Md.App. at 357, 495 A.2d at 375.

In *State v. Lyles,* 308 Md. 129, 517 A.2d 761 (1986), we held, in part, that Rule 4–342(d) by its unambiguous terms did not require a trial judge to inform a defendant that he had a right to allocute. We further held that in any event, a defendant's failure to object to the omission of an opportunity for allocution or proffer the contents of any desired allocution precludes appellate review of the issue. Consequently, here, as in *Lyles,* the issue was not properly before the intermediate appellate court and is not now properly before this Court. *See also Logan v. State,* 289 Md. 460, 487, 425 A.2d 632 (1981).

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART; CASE NO. 8891 REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENTS OF THE CIRCUIT COURT FOR HARFORD COUNTY; CASE NO. 8836 TO BE REMANDED TO THE CIRCUIT COURT FOR HARFORD COUNTY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.*