547 A.2d 1122

**Edward WINK, Jr.**

v.

**STATE of Maryland.**

**No. 68, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Oct. 4, 1988.

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Cathleen Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Richard A. Cooper, State's Atty. for Charles County, LaPlata, on the brief), for appellee.

Submitted before MOYLAN, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Edward Wink, Jr., appellant, pled guilty in the Circuit Court for Charles County to distribution of PCP and was sentenced to four years imprisonment. Upon appellant's motion for modification of sentence, execution of the unserved portion of the sentence was subsequently suspended in favor of three-year supervised probation.

Appellant was charged with violating Rule 8 of his probation, which required that he not "illegally possess, use or sell any narcotic drug, controlled dangerous substance, or related paraphernalia." At the revocation hearing, the State presented evidence that, upon execution of a search warrant at appellant's home, the following items were

seized: from a kitchen cabinet, two bottles of parsley flakes; from the kitchen trash can, an empty parsley flake bottle, a vanilla extract bottle, and a sandwich bag with parsley flake residue; from the refrigerator, a glass jar containing several foil-wrapped packets of parsley, and two plastic film cannisters filled with parsley flakes; from the master bedroom, a set of scales, several cut squares of aluminum foil, and a C & P Telephone bill addressed to the appellant. The State also presented expert testimony that parsley flakes are commonly used as a vehicle for, or diluent of, liquid PCP, and that individual quantities of PCP are commonly distributed as foil-wrapped packets of PCP-laced parsley.

The court concluded that appellant had violated his probation by possessing drug paraphernalia, revoked appellant's probation, and reimposed two years of the original sentence, with credit for eighteen months already served. Appellant presents two questions on appeal from that judgment:

1. Did the trial court err in applying an inappropriate standard in determining that appellant violated his probation?

2. Was the evidence insufficient to establish that appellant violated a condition of his probation?

I.

At the conclusion of the State's case, appellant's counsel moved for judgment of acquittal. During his argument on the motion, he stated that the burden on the prosecution was "to prove every element to a reasonable certainty. That is the test by a reasonable certainty." Interrupting counsel, the court stated that the test was "by a preponderance of the evidence." Undeterred counsel argued:

No, Sir, reasonable certainty. That is the case law dealing with violation of probations, which is a higher standard than preponderance of the evidence and some people think it is [a] higher than clear and convincing.

It is definitely short of proof beyond a reasonable doubt but it is certainly more than by a preponderance of the evidence.

The motion was denied and appellant rested without putting on a defense. Thereafter, appellant "renewed" his motion for judgment of acquittal and, after argument, during which no further mention of the standard of proof was made, the matter was presented to the court for decision. The court ruled:

I think that given the testimony in its entirety as to what was located in the house, I conclude that the State has shown that there was a violation of probation in that Mr. Wink did have in his possession controlled paraphernalia and I find him to be in violation of his probation on that basis.

Appellant contends that the court applied the wrong standard of proof. He claims that the court used the "preponderance of the evidence" standard instead of the "reasonable certainty," standard and, because "reasonable certainty" is a higher standard than "preponderance of the evidence", his constitutional right to due process was violated. Although we, too, assume that the court applied the "preponderance" standard, we will nevertheless affirm the judgment. We do not agree that "reasonable certainty" is a more stringent standard of proof than "preponderance of the evidence."

The nature of probation and of revocation proceedings is well-settled in Maryland. The Court of Appeals, in *Smith v. State*, 306 Md. 1, 6–7, 506 A.2d 1165 (1986), quite recently has summarized their characteristics:

Probation is a matter of grace which is in effect a bargain made by the people with the malefactor that he may be free as long as he conducts himself in a manner consonant with established communal standards and the safety of society. *Donaldson v. State*, 305 Md. 522, 531, 505 A.2d 527 (1986) (quoting *Scott v. State*, 238 Md. 265, 275, 208 A.2d 575 (1965).) *See also Matthews v. State*, 304

Md. 281, 292–93, 498 A.2d 655 (1985). Accordingly, the procedural protections given a probationer are not the same as those afforded a defendant at a criminal trial, and probation may be revoked by a trial court if it is reasonably satisfied that a violation of a condition of probation has occurred. *Howlett v. State,* 295 Md. 419, 456 A.2d 375 (1983); *Hutchinson v. State,* 292 Md. 367, 369, 438 A.2d 1335 (1982); *Dean v. State,* 291 Md. 198, 202, 434 A.2d 552 (1981).

The State has the burden of proving that a violation of probation has occurred. *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981); *Humphrey v. State,* 290 Md. 164, 428 A.2d 440 (1981); *Fuller v. State,* 64 Md.App. 339, 349, 495 A.2d 366 (1985), *modified on other grounds,* 308 Md. 547, 520 A.2d 1315 (1987).

Although we have interpreted "reasonably satisfied" to require the establishment of the fact of a violation "... with enough reasonable certainty—but not beyond a reasonable doubt—to satisfy the conscience of the court.... If the facts incline a reasonable and impartial mind to the belief that the probationer has violated a term of his probation, that is sufficient to revoke or modify," (citations omitted) *Herold v. State,* 52 Md.App. 295, 302, 449 A.2d 429 (1982), we are not aware of any case decided in this jurisdiction which has considered whether it is a more or less stringent standard than "preponderance of the evidence." Other jurisdictions employing the same, or a similar, standard of proof in revocation proceedings have considered the issue, however, and those jurisdictions have defined "reasonable certainty" or "reasonably satisfied" as requiring less evidence than a preponderance. *See e.g., Armstrong v. State,* 294 Ala. 100, 312 So.2d 620, 623 (1975) (less than a preponderance); *State v. Ford,* 707 P.2d 16, 19 (Mont.1985) ("*All* that is required is ... that the judge is reasonably satisfied." (Emphasis in original)); *State v. Brinson,* 248 Ga. 380, 283 S.E.2d 463, 465 (1981) ("Georgia adheres to the "slight evidence" rule in probation revocation proceedings."); *State v. Brusenhan,* 78 N.M. 764, 438 P.2d 174, 176

(App.1968). (Standard is akin to Georgia's standard of "slight evidence"); *State v. Burkman,* 281 N.W.2d 442, 443 (S.D.1979) ("Four standards of proof have been adopted by the various jurisdictions in revocation hearings: 1) reasonably satisfied; 2) a preponderance; 3) clear and convincing; and 4) beyond a reasonable doubt." (citations omitted)). We find these cases persuasive.

Moreover, we think the nature of revocation proceedings militate in favor of the conclusion that "reasonably satisfied" is no more stringent a standard than "preponderance." The proceedings are informal, *see Scott v. State,* 238 Md. 265, 271, 208 A.2d 575 (1965); they are not subject to all of the limitations and restrictions which apply to a criminal trial, *Edwardsen v. State,* 220 Md. 82, 88, 151 A.2d 132 (1959) and a probationer does not enjoy the procedural rights attendant to a criminal trial. *See Smith,* 306 Md. at 6, 506 A.2d 1165. Evidence inadmissible in a criminal trial may be admissible in revocation proceedings, *See State v. Fuller,* 308 Md. 547, 553, 520 A.2d 1315 (1987) (reasonably reliable hearsay) and *Chase v. State,* 309 Md. 224, 251, 522 A.2d 1348 (1987) (evidence obtained as a result of an illegal search and seizure). And, of course, proof beyond a reasonable doubt is not required. *Herold, supra.* The nature of probation inclines us to the same conclusion; it is, after all, a discretionary matter—a matter of grace, not entitlement. *Smith, supra.* Finally, the context in which the Courts have stated the standard is, we believe, consistent with the view we take. *See, e.g., Dean v. State,* 291 Md. at 202, 434 A.2d 552, in which the Court of Appeals commented:

> The procedural protections afforded a probationer at a revocation of probation hearing are not equivalent to those accorded at a criminal trial. Formal procedures and the rules of evidence are not employed. Finally, before probation may be revoked, the trial court *need only be reasonably satisfied that there was, in fact, a violation of probation,* (Emphasis added, citations omitted)

and *Scott,* 238 Md. at 272, 208 A.2d 575, in which the Court quoting, with approval, *Manning v. United States,* 161 F.2d 827, 829 (5th Cir.), *cert. denied,* 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947), stated:

> "But proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. *All that is required is that the evidence and the facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions* of probation." (Emphasis added)

Accordingly, we hold that appellant's constitutional right to due process was not violated by the court's use of the preponderance standard in determining that appellant violated a condition of his probation.

## II.

■ Appellant contends that the court abused its discretion in revoking his probation because the evidence

(1) failed to show that the items seized were "paraphernalia" and

(2) failed to establish that appellant was in possession of the items.

We disagree on both counts.

### (1)

Subsections (2) and (3) of Md.Code Ann. art. 27, § 287(d) provide, in pertinent part, that "controlled paraphernalia" shall mean:

> (2) ... any ... container suitable for the packaging of individual quantities of controlled dangerous substances in sufficient quantity to and under circumstances which reasonably indicate an intention to use any such item for the illegal manufacture, distribution, or dispensing of any such controlled dangerous substance. Evidence of such circumstances shall include but not be limited to close

proximity of any such controlled paraphernalia to any adulterants or equipment commonly used in the illegal manufacture and distribution of controlled dangerous substances ...; or

(3) ... any ... substance suitable as a diluent or adulterant in sufficient quantity and under such circumstances which reasonably indicate an intention to use any such substance for the illegal manufacture, distribution or dispensing of any controlled substance. Evidence of such circumstances shall include but not be limited to close proximity of any such controlled paraphernalia to any other adulterants, diluents, or equipment commonly used in the illegal manufacture and distribution of controlled substances....

The evidence presented in this case was that aluminum foil squares are a "container suitable for the packaging of individual quantities of" PCP, and are "commonly used" as such. There was also evidence that parsley flakes are a "substance suitable as a diluent or adulterant" of PCP, and are "commonly used" as such. Moreover, evidence was presented showing that foil and parsley were found in the refrigerator in "close proximity" of one another in the form of foil-wrapped packets of parsley. To be sufficient, the evidence in this case had to be such as to establish the existence of "circumstances which reasonably indicate an intention to use any such item [substance] for the illegal manufacture, distribution, or dispensing of" PCP. It is the existence of such circumstances that transforms an otherwise intrinsically innocuous item or substance into "controlled paraphernalia." The cumulative effect of the evidence was sufficient to permit the trial judge to be "reasonably satisfied" that the items seized were "controlled paraphernalia."

(2)

■ Appellant was present on the premises when the search warrant was executed. As we have already noted, one of the items seized was a telephone bill addressed to appellant at those premises. We think that evidence suffi-

cient to support an inference that appellant had a possessory interest in the premises. That, in turn, is sufficient to support the further inference that he, at least constructively, possessed the "controlled paraphernalia" found on the premises. *See Folk v. State*, 11 Md.App. 508, 518, 275 A.2d 184 (1971).

We hold that the court did not abuse its discretion in revoking appellant's probation.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.