589 A.2d 575

**Robert E. KITCHEN**

v.

**STATE of Maryland.**

**No. 1071, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 9, 1991.

Gary S. Offutt, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr. Atty. Gen., Baltimore, and Andrew L. Sonner, State's Atty., for Montgomery County, Rockville, on the brief), for appellee.

Submitted before MOYLAN, BISHOP and CATHELL, JJ.

CATHELL, Judge.

The Circuit Court for Montgomery County found the appellant, Robert E. Kitchen, to be in violation of his probationary conditions. The court revoked his probation

because of subsequent convictions and imposed the balance of the original sentence. On appeal, he raises but one issue:

> The trial court erred when it found appellant to have violated two conditions of his probation based on uncorroborated admissions.

In support of his argument, he asserts that the only evidence of his violation was his admissions to his probation agent. We shall, first, briefly restate the law as it relates to probation proceedings.

## The Law

■ While certain constitutional considerations normally relevant in criminal cases may, in some instances, apply in revocation proceedings, it is clear that the proceedings are civil, not criminal, in nature. *Maus v. State*, 311 Md. 85, 91, 532 A.2d 1066 (1987) ("[g]uilty pleas are not filed in civil cases, and a revocation of probation proceeding is, in Maryland, 'firmly established as a civil action....' ") (citations omitted).

The defendant, in the case of *Chase v. State*, 309 Md. 224, 522 A.2d 1348 (1987), had been the subject of a warrantless arrest, which resulted in the seizure of contraband from his person and the institution of charges against him. The evidence which had been seized was suppressed, and as a consequence, the charges were *nol prossed*. He had been placed on probation for an earlier conviction. A condition of that probation was that he "obey all laws." The State filed a petition to revoke his probation. At the revocation hearing, he objected to consideration of evidence that had previously been suppressed on constitutional grounds. The hearing judge admitted the evidence on the basis that the exclusionary rule did not apply in probation hearings. The Court stated, at 238–39, 522 A.2d 1348: "[i]t is luminously clear that Maryland, like the Supreme Court, deems that a revocation of probation proceeding is not a stage of a criminal prosecution. It is firmly established as a civil action, and ... the probationer is not cloaked with the full panoply of constitutional rights and procedural safeguards

enjoyed by a defendant in a criminal cause...." (Footnote omitted.) The Court then went on to discuss *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972): "[W]e are aware that the Supreme Court emphasized that 'there is no thought to equate [the adjudicatory] stage of [probation] revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial....' *Id.* [309 Md.] at 242–43, 522 A.2d 1348 (brackets in original). In discussing the exclusionary rule, the Court stated: "In the complex and turbulent history of the [exclusionary] rule, the Court has never applied it to exclude evidence from a civil proceeding, federal or state." *Id.* at 247, 522 A.2d 1348 (brackets in original).

The defendant, in *Wink v. State*, 76 Md.App. 677, 547 A.2d 1122 (1988), *aff'd*, 317 Md. 330, 563 A.2d 414 (1989), appealed, asserting that at his revocation hearing the trial court applied a preponderance of the evidence standard, instead of a reasonable certainty standard. We stated, at 680, 547 A.2d 1122: "We do not agree that 'reasonable certainty' is a more stringent standard of proof than 'preponderance of the evidence.'" We went on to summarize the nature of the proceedings.

Moreover, we think the nature of revocation proceedings militate in favor of the conclusion that "reasonably satisfied" is no more stringent a standard than "preponderance." The proceedings are informal, *see Scott v. State*, 238 Md. 265, 271, 208 A.2d 575 (1965); they are not subject to all of the limitations and restrictions which apply to a criminal trial, *Edwardsen v. State*, 220 Md. 82, 88, 151 A.2d 132 (1959) and a probationer does not enjoy the procedural rights attendant to a criminal trial. *See* [sic] *Smith [v. State]*, 306 Md. [1] at 6, 506 A.2d 1165 [ (1986) ]. Evidence inadmissible in a criminal trial may be admissible in revocation proceedings[.] *See State v. Fuller*, 308 Md. 547, 553, 520 A.2d 1315 (1987) (reason-

ably reliable hearsay) and *Chase v. State,* 309 Md. 224, 251, 522 A.2d 1348 (1987) (evidence obtained as a result of an illegal search and seizure). And, of course, proof beyond a reasonable doubt is not required. *Herold [v. State,* 52 Md.App. 295, 449 A.2d 429 (1982)], *supra.* The nature of probation inclines us to the same conclusion; it is, after all, a discretionary matter. . . .

*Id.* at 682, 547 A.2d 1122.

Even in a case involving the reversal of a revocation, the Court in *Dean v. State,* 291 Md. 198, 434 A.2d 552 (1981), recognized that the formal rules of evidence do not apply: "The procedural protections afforded a probationer at a revocation of probation hearing are not equivalent to those accorded at a criminal trial. Formal procedures and the rules of evidence are not employed. Finally, before probation may be revoked, the trial court need only be reasonably satisfied that there was, in fact, a violation of probation." *Id.* at 202, 434 A.2d 552 (citations omitted).

Additionally, it has long been held that formal rules of evidence are relaxed, as long as that admitted is otherwise trustworthy. The Court in *State v. Fuller,* 308 Md. 547, 520 A.2d 1315 (1987), reviewed the issue of witness confrontation at a revocation hearing. It opined, at 552–53, 520 A.2d 1315: "Where a party to a probation revocation hearing objects to the admission of hearsay evidence, the threshold question to be resolved is admissibility under the law of evidence of this State. In making that determination the trial judge should keep in mind that in probation revocation proceedings formal rules of evidence are not applied, and that reasonably reliable hearsay may be received." (Citation omitted.)

On another occasion, the Court of Appeals reiterated the standard to be used in revocation proceedings: "[B]efore probation may be revoked, the State must prove, to the *reasonable satisfaction* of the trial judge, that the probationer has not complied with one or more lawful conditions of probation." *Hutchinson v. State,* 292 Md. 367, 369, 438 A.2d 1335 (1982) (emphasis added). In *Johnson v. State,* 62

Md.App. 548, 551, 490 A.2d 734 (1985), in which a probation was revoked, we again restated the standard for revocation: "The decision whether to grant or revoke probation is a matter committed to the sound discretion of the sentencing court. An abuse of that discretion will be found 'only if the trial court has erroneously construed the conditions of probation, . . . has made factual findings that are clearly erroneous, . . . or has acted arbitrarily or capriciously in revoking probation.' " (Citation omitted.)

Finally, we note again that: "The Maryland courts have long held that probation is a matter of grace, not of right." *Matthews v. State,* 304 Md. 281, 292, 498 A.2d 655 (1985) (citations omitted).

We first observe that the appellant either withdrew, or limited his prior objection, to the introduction of the admissions appellant made to the probation officer. Later in the testimony, the matter of the subsequent convictions arose. The transcript reveals this exchange after the original objection to the officer's prior testimony had been sustained:

[DEFENSE COUNSEL]: Objection. Your Honor, all of this is hearsay. Unless it is a certified copy from the State of Virginia, and particularly Fairfax County, all of this is hearsay, and that is what I would ask The [sic] Court to hear, not hearsay from the county or whatever records—

THE COURT: What about the exception to the hearsay rule where he admitted he had been convicted? That is the hearsay also.

[DEFENSE COUNSEL]: With respect to what?

THE COURT: Ms. Caplan said that your client admitted to her that he had been convicted. That, too, is hearsay, but is an exception to the hearsay rule because it is a declaration against his penal interest.

[DEFENSE COUNSEL]: That is correct. And I did not object to that. What I am objecting to now is any

other testimony from police reports, case numbers, any of that information is hearsay.

Thus, it is clear that any objection he had made as to his own admissions had been withdrawn. Even if not withdrawn, the statements were admissible. C. McCormick, *McCormick on Evidence* § 262 (3d ed. 1984), states, quoting from Morgan, *Basic Problems of Evidence* § 265 (1962):

> The admissibility of an admission made by the party himself rests not upon any notion that the circumstances in which it was made furnish the trier means of evaluating it fairly, but upon the adversary theory of litigation. A party can hardly object that he had no opportunity to cross-examine himself or that he is unworthy of credence save when speaking under sanction of an oath.

Accordingly, we hold that the appellant's admissions were properly before the trial court.

■ We must determine whether in this *civil* proceeding, a party's statements need be corroborated. Prior to making that determination, we note that the Court of Appeals, in *Hersch v. State*, 317 Md. 200, 562 A.2d 1254 (1989), stated:

> Precisely what process is due depends upon a number of factors. "Probationers have an obvious interest in retaining their conditional liberty and the State also has an interest in assuming that revocation proceedings are based on accurate findings of fact and where appropriate, the informed exercise of discretion." *Black [v. Romano],* *supra,* 471 U.S. [606] at 611, 105 S.Ct. [2254] at 2257 [85 L.Ed.2d 636 (1985)]. On the other hand, it is important that the proceedings not be fettered by the "imposition of rigid requirements that would threaten the informal nature of probation revocation proceedings or interfere with exercise of discretion by the sentencing authority." *Id.*

*Id.* at 207, 562 A.2d 1254.

The Court of Appeals in *Hersch* was concerned with the procedural aspect of a formal *in court* admission of an

uncontested violation. It therefore required that certain fundamental standards be met. In the case at bar, the violation was contested. The admissions of appellant had been made extrajudicially and were offered as evidence. They were offered through the testimony of the person to whom the admissions were made. The testimony was admitted in a civil proceeding. We acknowledge, of course, that *Hersch, supra,* requires that in order for there to be a finding of a violation of probation, the violation must be supported by evidence or a stipulated statement of factual basis. But we know of no authority, and none has been cited, requiring corroboration of an otherwise admissible admission in a civil proceeding. The opposite appears to apply.

The Court of Appeals stated in *Lambros v. Coolahan,* 185 Md. 463, 468, 45 A.2d 96 (1945):

In criminal cases, divorce cases, and cases of proof of certain facts, *e.g.,* marriage, the admissibility or the sufficiency of admissions, as evidence, is limited by rules of evidence or by statute. Subject to these limitations, which are not applicable in this case, oral admissions of a party "are universally deemed admissible" *and legally sufficient to prove facts admitted.* [Citations omitted, emphasis added.]

See also the negligence cases of *State v. Jones,* 186 Md. 270, 46 A.2d 623 (1946); *Terry v. O'Neal,* 194 Md. 680, 688, 72 A.2d 26 (1950), and see *Smith v. Branscome,* 251 Md. 582, 589, 248 A.2d 455 (1968), where it was contended that the admissions were only for impeachment purposes, and the court held: "Although Milton's contentions would be correct if applied to an ordinary witness ... it is not correct when applied to the admissions against interest made by a party opponent...." See also the welfare fraud case of *Harris v. State,* 27 Md.App. 547, 553, 342 A.2d 305 (1975), where we cited *Smith, supra,* and stated that oral admissions of a party are universally admissible and, thus, are legally sufficient to prove facts admitted. We then concluded that, in any event, the admissions had been corroborated.

We know of no rule of evidence or statute, and none has been cited to us, that would in any way alter the general rule on admissions in civil proceedings when probation violation hearings are held.

We hold, therefore, that in a contested violation proceeding, out-of-court admissions of the probationer, need not be corroborated as long as the admissions, standing alone or with other evidence, are sufficient.[1] If the evidence convinces the hearing court to a reasonable satisfaction, *i.e.*, by a preponderance of the evidence, then a finding of violation is warranted. *Wink, supra.*

We shall, therefore, affirm.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY THE APPELLANT.

---

1. There was, in the case at bar, evidence other than the admissions of the appellant.