Dear David Blumberg, Chairman
You have asked for our opinion concerning the Parole Commission's ("Commission") authority to determine whether an offender who is released on parole or mandatory supervision has violated the condition of release, known as Rule 4, that requires the offender to obey all laws. You have posed several questions:
1. May the Commission consider an alleged violation of Rule 4 when criminal charges related to the alleged violation are pending against the offender?
2. May the Commission consider an alleged Rule 4 violation when related criminal charges have been adjudicated without a finding of guilt?
3. If the Commission may proceed with a revocation hearing in either of those circumstances, what procedures must be followed during the hearing? More specifically: May an Assistant State's Attorney present the case against the offender? Must the arresting officer(s) appear to testify, or is hearsay admissible during the revocation hearing?
For the reasons explained in this opinion, we conclude:
1. The law does not preclude the Commission from considering an alleged violation of Rule 4 based on conduct that is also the subject of pending criminal charges. For a variety of reasons, it will often be advisable to await adjudication of the criminal charges before proceeding with a revocation hearing.
2. Criminal charges must be proven beyond a reasonable doubt; by contrast, a violation of a condition of release need only be proven by a preponderance of the evidence. Because criminal trials and parole revocation proceedings are subject to different standards of proof, the Commission may consider an alleged Rule 4 violation even if related criminal charges have not resulted in a finding of guilt.
3. The Commission's regulations for revocation hearings govern, whether a hearing is conducted before or after related criminal proceedings and regardless of the outcome in those proceedings. While the regulations do not specify who presents the evidence in favor of finding a violation, it has been the practice for the Division of Parole and Probation ("DPP") to present that case. The agent appearing on behalf of the DPP may call a prosecutor, as well as an arresting officer, as witnesses, although there is no requirement that those individuals testify in the proceeding. Hearsay is admissible at a revocation hearing, if it is found to be "reasonably reliable."
 I Background
A. Conditions of Release
An inmate who is released on parole must comply with various conditions of release. Annotated Code of Maryland, Correctional Services Article ("CS"), § 7-308. Certain conditions of release apply to all parolees. COMAR 12.08.01.21D. In addition, special conditions of release may be established for particular individuals. COMAR 12.08.01.21E. Parole may be revoked if the offender violates one or more of those conditions.
The same basic framework applies to inmates released on mandatory supervision. An inmate who is released on mandatory supervision "is subject to ... all laws, rules, regulations, and conditions that apply to parolees...." CS § 7-502(b)(1). As is the case with parole, special conditions of release may also be set for an inmate released on mandatory supervision. CS § 7-502(b)(2). Unless otherwise indicated, the discussion of parole conditions and revocation procedures in this opinion also applies to release conditions and revocation proceedings for individuals released on mandatory supervision.
One of the general conditions of release, commonly known as "Rule 4," requires that the offender "obey all laws." COMAR12.08.01.21D(4).
B. Revocation Hearings
Parole revocation proceedings must incorporate certain minimal procedural elements required by the due process clause of the federal Constitution. Morrissey v. Brewer, 408 U.S. 471 (1972). A parolee arrested for an alleged violation is entitled to a prompt preliminary hearing to determine whether there is probable cause to believe that the offender violated the conditions of release. Id. at 485-87. In addition, prior to a final decision on revocation, there must be an opportunity for a later hearing that incorporates at least the following elements:
 (a) written notice of the claimed violations of parole;
 (b) disclosure to the parolee of evidence against him;
 (c) opportunity to be heard in person and to present witnesses and documentary evidence;
 (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
 (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
 (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.
Id. at 489. State law and the Commission's regulations set forth procedures that govern revocation proceedings and that are designed to comply with the constitutional requirements. See CS § 7-401 et seq.; COMAR 12.08.01.22.
If an offender is alleged to have violated a condition of release, such as Rule 4, a "retake warrant" may be issued to take the offender back into custody pending adjudication of the alleged violation. CS § 6-107, 7-206; COMAR 12.08.01.22A-D. After the offender is taken into custody, he or she is entitled to a preliminary hearing pending a revocation hearing. COMAR 12.08.01.22E. If the hearing examiner finds probable cause to believe that a violation has occurred, the offender may be held for a revocation hearing.
One commissioner conducts the revocation hearing as an adversary proceeding, which is subject to judicial review. CS § 7-401; COMAR 12.08.01.22F. The hearing is to be held within 60 days or otherwise within "a reasonable time" after the parolee is taken into custody on the retake warrant. COMAR 12.08.01.22F(2). The offender is entitled to counsel; if eligibility requirements are satisfied, the Public Defender may be appointed. CS § 7-401(b)(1); COMAR 12.08.01.22F(3). Anyone "having pertinent information" about the alleged violation may testify subject to cross-examination. COMAR 12.08.01.22F(5). The Commission may issue subpoenas to compel the attendance of witnesses. Id. While a record must be kept of the proceeding, neither the rules of criminal procedure nor the formal rules of evidence apply. CS § 7-401(b)(2); COMAR12.08.01.22F(6)-(7). After hearing the evidence, the commissioner conducting the hearing decides whether or not a violation occurred, applying a preponderance of the evidence standard. Id. The commissioner announces his or her decision at the conclusion of the hearing and thereafter issues a written decision. COMAR12.08.01.22F(9).
 II Analysis
Baltimore City law enforcement officials have raised the possibility of referring to the Commission possible violations of Rule 4 related to pending criminal charges or to criminal charges that have been resolved without a finding of guilt. As a result, you have inquired about the Commission's legal authority to conduct a revocation hearing in those circumstances and the procedures for such a hearing.[1]
A. Revocation When Criminal Charges Are Pending
You first ask whether the Commission may conduct a revocation hearing concerning an alleged Rule 4 violation while related criminal charges are pending against the offender.
Nothing in the law precludes the Commission from proceeding with a revocation hearing in those circumstances. However, for several reasons, the Commission may find it preferable to await adjudication of the criminal charges.
First, if there is a conviction on the criminal charges, the conviction itself will be conclusive evidence of a violation, obviating the need for a hearing of any substantial length.[2] See Morrissey v. Brewer, 408 U.S. 471, 490 (1972). In those circumstances, the commissioner may simply confirm at the hearing, through the supervising agent's testimony or by way of a certified copy of the conviction, that the offender has in fact been found guilty of a crime.[3] The commissioner can then decide whether to continue or revoke the offender's parole or mandatory supervision release.
On the other hand, if the revocation hearing occurs before the criminal trial, there may be a temptation for the parties to use the hearing to obtain discovery of the evidence likely to be adduced in the criminal case, thereby drawing out the revocation hearing. Thus, it will often be a more economical use of the Commission's resources to await the outcome of the criminal proceedings.
In addition, if the revocation hearing is conducted before the conclusion of the criminal proceeding, the offender may decline to testify at the revocation hearing in order to avoid the risk that the testimony will be used adversely at the criminal trial. This may make it less likely that the Commission will hear all relevant evidence about the alleged violation, even when that evidence may be exculpable or mitigating.
If the Commission elects to await the resolution of pending criminal charges, it may proceed in several ways. When only a Rule 4 violation is alleged, the Commission may postpone the revocation hearing until after adjudication of the criminal charges. Such a delay could conflict with the requirement that a revocation hearing be held within 60 days, or a reasonable time, after the offender's return to custody. COMAR 12.08.01.22F(2)(a). In those circumstances, if the offender does not consent to the postponement, the Commission could recall its retake warrant and decide, after the criminal proceedings are concluded, whether to reissue the warrant. Cf. In re Valrie, 524 P.2d 812, 816 (Cal.S.Ct. 1974).
When there are other alleged violations unrelated to the pending criminal charges, the Commission may simply proceed on the basis of those allegations alone. An example may be helpful. Assume a paroled felon has missed appointments with his parole agent and also has allegedly possessed a handgun in violation of the State law barring felons from possessing handguns. Criminal proceedings are commenced against the parolee for being a felon in possession of a handgun, in violation of Annotated Code of Maryland, Public Safety Article, § 5-133. He also may be charged with violations of the conditions of his release on parole — i.e., violations of Rule 1 of the conditions of release for failing to report to his agent, Rule 4 for violating the law barring felons from possessing handguns, Rule 7 for possessing a firearm, and Rule 8 for posing a danger to himself or others by virtue of his possession of a firearm. The parolee is arrested on the Commission's retake warrant, is returned to custody, and appears for a revocation hearing before the criminal charges are adjudicated. The Commission may elect to proceed with the Rule 1 charge, but decline to proceed with the Rule 4, 7, and 8 charges until the criminal charges are resolved. If the offender's parole is revoked on the basis of the Rule 1 charge, there would be no need to proceed with the other charges, even if the offender is ultimately found guilty in the criminal case. However, if the offender is continued on parole, the Commission could later issue a warrant charging violations of Rules 4, 7, and 8 after the criminal charges have been adjudicated and determine then whether the violations occurred, and, if so, impose an appropriate sanction.
B. Revocation When Criminal Charges Have Been Adjudicated Without a Finding of Guilt
You have also asked whether the Commission may consider an alleged Rule 4 violation when related criminal charges have not resulted in a finding of guilt. For example, the State's Attorney may dismiss or stet the charges, or the criminal trial may result in a not guilty verdict.
In those circumstances, the outcome of the criminal case does not control the determination of the Rule 4 violation under either double jeopardy or collateral estoppel principles. A revocation hearing is a civil proceeding that cannot increase a sentence previously imposed by a court; accordingly, the constitutional prohibition against double jeopardy is not implicated. See Chase v. State, 309 Md. 224, 238-39 n. 2, 522 A.2d 1348 (1987) (revocation proceeding is civil proceeding); Clipper v. State, 295 Md. 303, 313,455 A.2d 973 (1983) (revocation proceedings do not implicate double jeopardy clause).
In addition, because different standards of proof apply at a criminal trial and a revocation hearing, an acquittal on the criminal charges is not conclusive as to whether there has been a violation of the conditions of release. In a criminal proceeding, the prosecution must prove each element of the offense beyond a reasonable doubt. See Wills v. State, 329 Md. 370, 620 A.2d 295 (1993). In a revocation proceeding, the Commission applies a preponderance of the evidence standard. COMAR 12.08.01.22F(7)(a). Even if the prosecution in the criminal case fails to prove beyond a reasonable doubt that the alleged crime occurred, there may be sufficient evidence to prove a violation of the conditions of release by the lesser standard of proof.[4]
Thus, the Commission may proceed with a revocation hearing regardless of whether the defendant has been acquitted of related criminal charges or those charges have been dismissed.
C. Revocation Hearing Procedures
Finally, you ask about the procedures that would govern a revocation hearing when an alleged violation is related to pending or adjudicated criminal charges. The short answer is that the same procedures should be followed as in any other revocation hearing, in accordance with the Commission's regulations. We address below the application of those procedures in light of your specific questions.
1. Presentation of Case
The Commission's regulations provide that a parole agent must appear at a revocation hearing to report about the alleged violations and that the agent is subject to cross examination. COMAR12.08.01.22F(4). The regulations do not specifically contemplate presentation of the case by the agent (or by anyone else). In practice, the agent presents the case in favor of finding a violation, and the offender or the attorney for the offender presents the offender's case.
Nothing in the regulations authorizes or forbids an Assistant State's Attorney to present evidence at a revocation proceeding. Moreover, the regulations provide that "any party," including presumably the parole agent, can call a witness upon 5 days' notice to the Commission. COMAR 12.08.01.22.F(5). Thus, the agent could call an Assistant State's Attorney in charge of prosecuting a related criminal case, as well as an arresting officer, as witnesses.[5]
2. Admissibility of Hearsay
As noted above, the Commission's regulations make clear that revocation proceedings are not bound by formal rules of evidence, such as the hearsay rule. COMAR 12.08.01.22F(7). However, among the minimum requirements of due process for revocation hearings is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Morrissey, 408 U.S. at 489; see also State v. Fuller, 308 Md. 547, 549, 520 A.2d 1315 (1987) (requiring specific finding of "good cause" to dispense with confrontation in probation revocation hearing). Thus, under the Commission's regulations and the principles of due process, "reasonably reliable hearsay" is admissible. Cf. Fuller,308 Md. at 553 (reasonably reliable hearsay admissible in probation revocation hearings).
In a number of cases, Maryland courts have upheld the use of "reasonably reliable" hearsay evidence in probation revocation proceedings, which are governed by similar due process considerations.[6] See, e.g., Bailey v. State, 327 Md. 689,612 A.2d 288 (1992) (letter from halfway house concerning reasons for discharge of probationer); Kitchen v. State, 87 Md. App. 299,589 A.2d 575 (1991) (uncorroborated out-of-court admission by probationer); Beach v. State, 75 Md. App. 431, 541 A.2d 1012
(1988) (letter from intake counselor at drug treatment program reporting that probationer had absconded from program).
However, when the hearsay evidence goes to the heart of the alleged violation, "the indicia of reliability ought to be correspondingly high." Brown v. State, 317 Md. 417, 427,564 A.2d 772 (1989) (trial transcripts from a co-defendant's criminal trial should not have been admitted, given co-defendant's motive to lie at that trial); see also Thompson v. State, 156 Md. App. 238, 252,846 A.2d 477 (2004) (trial transcripts of related criminal charges should not have been admitted without a determination of their reliability and of "good cause" to forgo live testimony).
A commissioner may consider various factors to assess whether hearsay evidence is sufficiently reliable, including, among others: the presence of any additional evidence that corroborates the proffered hearsay; the importance of the issue to which the hearsay relates; the source of the hearsay; the possibility of bias or a motive to fabricate on the part of the declarant. Bailey, 327 Md. at 700; see generally Annotation, Admissibility of Hearsay Evidence in Probation Revocation Hearings, 11 ALR4th 999.
In the context of an alleged Rule 4 violation when there has been a prior adjudication of guilt, these factors will usually allow the use of hearsay evidence.[7] However, when prior criminal proceedings have not resulted in a finding of guilt, these factors may require the Commission to hear testimony from witnesses with personal knowledge of the offense, such as an arresting officer or a victim, instead of simply relying on the record of the criminal proceedings.
 III Conclusion
In summary, it is our opinion that:
1. The law does not preclude the Commission from considering an alleged violation of Rule 4 based on conduct that is also the subject of pending criminal charges. For a variety of reasons, it will often be advisable to await adjudication of the criminal charges before proceeding with a revocation hearing.
2. Criminal charges must be proven beyond a reasonable doubt; by contrast, a violation of a condition of release need only be proven by a preponderance of the evidence. Because criminal trials and parole revocation proceedings are subject to different standards of proof, the Commission may consider an alleged Rule 4 violation even if related criminal charges have not resulted in a finding of guilt.
3. The Commission's regulations for the conduct of revocation hearings would govern proceedings in these circumstances. While the regulations do not specify who presents the evidence in favor of finding a violation, it has been the practice for the DPP agent to present that case. The agent may call a prosecutor, as well as an arresting officer, as witnesses, although there is no requirement that those individuals testify in the proceeding. Hearsay is admissible at a revocation hearing, if it is found to be "reasonably reliable."
J. Joseph Curran, Jr. Attorney General
Susan H. Baron Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
[1] We understand that, in the past, the Commission has ordinarily awaited the adjudication of criminal charges before proceeding with a revocation hearing.
[2] A conviction may also have significant consequences for the amount of time that the offender will be required to serve for the sentences from which he or she was paroled. See CS § 3-711 (forfeiture of diminution credits by inmate who is convicted and sentenced to imprisonment for crime committed while on parole); Jones v. Filbert, 155 Md. App. 568,843 A.2d 908 (2004).
[3] Although not considered a conviction, a disposition of probation before judgment also constitutes a finding of guilt. See, e.g., Jones v. Baltimore City Police Dep't, 326 Md. 480, 606 A.2d 214 (1992); Annotated Code of Maryland, Criminal Procedure, § 6-220. Thus, imposition of probation before judgment is conclusive as to whether a violation has occurred.
[4] We understand that the Commission has a pre-printed revocation decision form that includes a possible finding that the offender failed to obey all laws as "evidenced by the finding of guilty on the charge(s) of ______ in the court for ______(County/City)." If a commissioner concludes that there has been a Rule 4 violation in the absence of a finding of guilt in a related criminal case, the commissioner should strike out the reference to a prior finding of guilt. Indeed, it may be appropriate for the commissioner in these circumstances to issue a memorandum decision that explains the determination instead of simply completing the form.
[5] Of course, an Assistant State's Attorney will ordinarily have no first-hand knowledge of an alleged Rule 4 violation, but at best will be able to offer hearsay evidence. For reasons outlined above, a prosecutor may be reluctant to testify even as to hearsay prior to adjudication of the criminal charges.
[6] While there are minor differences between probation and parole, revocation of probation is "constitutionally indistinguishable" from revocation of parole. Patuxent Institution Board of Review v. Hancock,329 Md. 556, 574, 620 A.2d 917 (1993); Gagnon v. Scarpelli,411 U.S. 778, 782 n. 3 (1973). Thus, cases governing probation revocation are instructive in this context.
[7] For example, a DPP agent may be permitted to testify about the offender's subsequent con-viction, even though the formal rules of evidence would require a certified copy of the court judgment to prove the conviction.end; *Page 17