**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 05-4231**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRY M. BURTON, JR.,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-03-395-JFM)

―――――――――――

Submitted:  October 31, 2005        Decided:  November 21, 2005

―――――――――――

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Stephanie A. Gallagher, Baltimore, Maryland, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Harry M. Burton, Jr. appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no error, we affirm.

Burton claims the district court erred when it denied his motion to suppress evidence because the probation violation warrant that led to his arrest and accompanying discovery of the evidence was improperly issued. This court reviews the district court's factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996).

Burton claims that his arrest for a handgun violation was not sufficient to violate his state probation. One of the conditions of his probation was that he obey all laws. While it is apparently routine practice in Maryland for probation officers to wait for pending charges to be adjudicated before issuing an arrest warrant, such practice is not required by law. See Dean v. State, 434 A.2d 552, 555 (1981) ("[I]t is not necessary that a conviction precede a determination that the probationer has violated a condition of probation requiring him to obey all laws."). Burton's arrest for a handgun violation coupled with the belief of local law enforcement authorities that he was a danger to the public and in personal danger provided the basis for the issuance of the probation violation warrant. The district court did not err in

denying Burton's motion to suppress because the probation office lawfully issued the arrest warrant.

Burton also claims that the district court erred when it denied his request to have his probation officer, Irita Pack, testify at trial. The decision to admit evidence is reviewed on appeal for an abuse of the trial court's discretion; the relevant inquiry therefore is whether the district court's exercise of discretion was "arbitrary or irrational." See United States v. Ellis, 121 F.3d 908, 926 (4th Cir. 1997). Pack would have testified that sheriffs typically serve probation violation warrants, not police officers, as occurred in this case. However, Pack would also have had to testify that the reason police officers served the warrant was because they believed Burton was a dangerous individual. The district court denied Burton's request because it thought Pack's testimony would be highly prejudicial to Burton. The district court also ruled that Pack's testimony would have very little relevance or materiality at trial. The limited probative value of the testimony was outweighed by the danger of prejudice in testimony that Burton was a dangerous individual. The district court did not act arbitrarily or irrationally when it denied Burton's request to have Pack testify.

Burton finally claims that a stipulation entered into evidence describing his prior convictions for illegal possession of a firearm prejudiced the jury. Our review is for an abuse of the

trial court's discretion.  See Ellis, 121 F.3d at 926.  Admission of evidence of other bad acts is prohibited solely to prove a defendant's bad character, but such evidence may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  For such evidence to be admissible under Rule 404(b), it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charge offense; and (3) reliable."  United States v. Hodge, 354 F.3d 305, 313 (4th Cir. 2004).

The three prior convictions identified in the stipulation were relevant to the current case because all the convictions were for illegal possession of a firearm.  The stipulations about Burton's prior acts were entered into evidence to help prove an element of the offense, specifically that Burton knowingly possessed the firearm in his closet.  The fact that Burton had previously possessed firearms suggested that he had the requisite knowledge and intent to possess the firearm.

Burton claims that the probative value of his prior acts was substantially outweighed by their prejudicial nature.  The probative value of evidence admitted under Fed. R. Evid. 404(b) must not be substantially outweighed by its prejudicial nature.  Hodge, 354 F.3d at 312 (citing Fed. R. Evid. 403).  We have held that Fed. R. Evid. 403 requires exclusion of evidence only in those

instances where the trial judge believes "that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Van Metre, 150 F.3d 339, 351 (4th Cir. 1998).

Burton objected to the introduction of the prior acts evidence, but once the district court agreed to admit the evidence, Burton helped write the stipulation.[*] The Government and Burton agreed to exclude details regarding the circumstances of his prior offenses and included only an identification of the convictions in the stipulation in order to minimize the prejudicial effect. The risk of unfair prejudice was addressed by the parties and the district court through limiting instructions to the jury explaining in detail that the jury was not to consider the prior acts as evidence of propensity, but instead they could only consider those convictions for their relevance to the issues of knowledge and absence of mistake. Those "cautionary or limiting instructions generally obviate any such prejudice" of properly admitted evidence of prior acts. United States v. Powers, 59 F.3d 1460, 1467 (4th Cir. 1995). On these facts, we conclude the district court did not

---

[*]Burton claimed that the prejudicial nature of the prior acts is evident because the first two juries to hear his case were unable to reach a verdict and only after the entry of the stipulations was the third jury able to reach a verdict. However, all three juries heard the stipulation, so the stipulation affected the juries equally.

abuse its discretion when it admitted the evidence of Burton's prior firearm convictions.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
