554 A.2d 814

James SHIFFLETT

v.

STATE of Maryland.

No. 160, Sept. Term, 1987.

Court of Appeals of Maryland.

March 15, 1989.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

In the context of the facts presented here, the issue is whether the defendant is entitled, upon request, to respond to prosecutorial allegations made just before sentencing under Maryland Rule 4–342(e)—even where he has previously declined to allocute.

## I.

Petitioner James Shifflett (Shifflett) was convicted of breaking and entering the dwelling house of another. *See* Maryland Code, (1957, 1982 Repl.Vol.), Article 27, § 31A.[1] Prior to being sentenced for this crime, the following interchange took place:

> MR. KERPELMAN [Appellant's Attorney]: In sum, your Honor, I think it would be appropriate, given all the circumstances of this case, for Mr. Shifflett to receive a suspended sentence. Stand up. Do you have anything you want to say to the judge before he sentences you?
>
> THE DEFENDANT: No, Sir.
>
> THE COURT: You may have a seat then.

At this point, the judge asked for the Assistant State's Attorney's recommendations on sentencing. The attorney recommended a three year term, which exceeded the suggested sentencing guideline range of one to two years imprisonment. In support of this suggestion, the prosecuting attorney noted that, "Looking at the pre-sentence report one can see that the defendant is an outright liar to himself or to others." She then provided several examples of what

---

1. That provision is currently found in Md.Code (1957, 1987 Repl.Vol.), Art. 27, § 31A.

appeared to be questionable statements on the defendant's part.[2]

After the Assistant State's Attorney had spoken, the following interchange occurred:

THE COURT: All right....

Mr. Shifflett, do you wish to stand, please, sir.

Mr. Shifflett, your attorney, Mr. Kerpelman, has said that the probation report is accurate. And I notice exactly what Miss Erlich [the prosecutor] talked about is very glaring in the report, about the gross inconsistencies between what you told the probation agent and the facts. You are describing the wonderful happy marriage that you have with your wife—

THE DEFENDANT: Can I say something, your Honor?

THE COURT: No, Sir. You had your opportunity to speak.

—and that everything is so perfect and lovely, and the truth seems to be otherwise, and your grandmother herself indicated otherwise. And I think deception and lying have been part of your makeup.[3]

The judge sentenced him to two years in prison.

The defendant appealed, arguing that he had been denied his right of allocution under the Maryland Rules of Procedure.[4] In an unreported opinion, the Court of Special

---

**2.** She noted that Shifflett had told the pre-sentence investigator that he was happily married, whereas his grandmother had said that he was separated and living with her. The prosecutor also noted that he had said that the victim of the robbery had not wished to press charges, whereas in fact she was later asked by Shifflett to drop the charges. The attorney said that, though Shifflett claimed he had stopped drinking, his grandmother said that he drank whenever he had the money.

**3.** The judge also commented on Shifflett's prior convictions and the fact that he had committed the instant crime while on probation.

**4.** In *State v. Lyles,* 308 Md. 129, 517 A.2d 761 (1986), this Court held that a defendant's failure to object to the omission of an opportunity for allocution precluded appellate review of the issue. *State v. Fuller,* 308 Md. 547, 555, 520 A.2d 1315, 1319 (1987) (describing the decision in *Lyles* ); *see also Logan v. State,* 289 Md. 460, 487, 425 A.2d 632, 646

Appeals affirmed the trial court on the ground that the defendant had fully waived his procedural right of allocution prior to the prosecutor's remarks. We now consider the issue on writ of certiorari. *See* Md.Rule 8–301(a)(3).

## II.

Maryland Rule 4–342(e) provides, "Before imposing sentence, the court shall afford the defendant the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment."[5] This particular provision applies only to non-capital crimes, while

(1981). Because the defendant here objected to the denial of allocution after the prosecutor's remarks, the case is appropriate for appellate review.

The fact that Shifflett tried to assert his allocution rights just as the judge began to deliver his sentence is not fatal to this appeal. It was not unreasonable for a lay person to have responded to the prosecutor's allegations a few moments after they were uttered. While defendants are not free to conduct "wait and see" strategies and interrupt the sentencing judge whenever they discover that their cases are going badly, we find no indication in the record that the defendant was employing such a strategy. In all likelihood, the defendant realized as the judge began to speak that the defendant's opportunity to respond to the prosecutor was slipping away.

5. That provision was found in its current form at Md. Rule 4–342(d) when this case was originally tried. Prior to its amendment in 1984, the provision stated, "Before imposing sentence the court shall inform the defendant that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right." Md.Rule 772(c); *see* Comment on the Chapter 700 Revisions, 3 Md. Reg. 8 (Jan. 7, 1976) (noting that the drafters of the revisions "utilized a great deal of current reference material, including the ABA Standards relating to the Administration of Criminal Justice; Recommendations of the Joint Committee of the Maryland Judiciary, and the Maryland State Bar to Implement the ABA Standards; Federal Rules of Procedure; Uniform Rules; Case Law; Constitutional and Statutory Law; and the National Advisory Commission on Criminal Justice Standards and Goals."). And prior to its amendment in 1977, the provision read, "Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall afford an accused or his counsel an opportunity to make a statement and to present information in mitigation of punishment." Md.Rule 761(a); *see State v. Lyles*, 308 Md. 129, 132, 517 A.2d 761, 763 (1986) (discussing the provision's changes).

a similar provision under Md.Rule 4–343 applies to capital cases.[6]

"Approximately half the states recognize the 'right' of allocution." A.W. Campbell, *Law of Sentencing* § 72 at 232 (1978) (also noting that a few states recognize the right as a constitutional one); *see generally* ABA, *Standards for Criminal Justice* § 18–6.4 at 459 (2d ed.1979) (noting that the right has been recognized in state and federal law and that "[i]ts preservation has been encouraged without exception by all recent model codes."). In addition, "[m]ost modern commentators strongly advocate retention of the right of allocution, recognizing that the practice in its present form serves a significant function no other procedural device can completely replace." *Harris v. State*, 306 Md. 344, 359, 509 A.2d 120, 127 (1986).

Allocution "provides a unique opportunity for the defendant himself to face the sentencing body, without subjecting himself to cross-examination, and to explain in his own words the circumstances of the crime and his feelings regarding his conduct, culpability, and sentencing." *Harris*, 306 Md. at 358, 509 A.2d at 127 (discussing allocution in capital sentencing); *see also Booth v. State*, 306 Md. 172, 198, 507 A.2d 1098, 1111 (1986) (explaining difference between allocution and closing argument in the context of capital sentencing), *vacated on other grounds, Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987); *cf. Harris v. State*, 312 Md. 225, 255, 539 A.2d 637, 651 (1988) (noting that "statements made at allocution may not be disregarded merely because they are not under oath."). "The very purpose of affording an accused the right to allocute before passing sentence is to provide him or her an opportunity to refute or explain any information presented to the sentencing judge and to present a state-

---

**6.** Md.Rule 4–343(d) provides, "Before sentence is determined, the court shall afford the defendant the opportunity, personally and through counsel, to make a statement."

ment in mitigation of punishment." *Miller v. State*, 67 Md.App. 666, 674, 509 A.2d 135, 139 (1986), *cert. denied*, 307 Md. 260, 513 A.2d 314 (1986).

Thus, the raison d'etre of allocution as it exists in Maryland is to improve the truth-finding process by considering comments from the defendant's perspective. *See generally* A.W. Campbell, *supra* § 72 at 232 ("Today the most practical rationale underlying allocution is that it provides an opportunity for the offender and defense counsel to contest any disputed factual basis for the sentence and to persuade the judge to impose a sentence favored by the offender."); *cf.* Note, *Criminal Procedure—Right of Defendant to Make Statement Before Sentencing* 35 Tul.L.Rev. 831, 833 (1961) (noting Supreme Court reasoning has been based on the "policy that the cause of justice is better served by permitting the defendant to make his *own* statement."). In addition, allocution promotes the appearance of justice by making it clear that the sentencing court is receptive to persuasive remarks of all concerned. *See* ABA, *supra* § 18–6.4 at 459 (noting that allowing the defendant to make a statement at sentencing maximizes "the perceived equity of the process"); *see also* 3 W. LaFave & J. Israel, *Criminal Procedure* § 25.1(f) at 118 (1984) (noting "a right to make a personal statement has both symbolic and practical significance.").

## III.

In light of these goals, we consider whether, under the facts of this case, the sentencing court abused its discretion in denying the defendant's request to allocute after the prosecutor's final remarks. We note that the judge sentenced him based, at least in part, on the prosecutor's allegations of dishonesty.

We hold that the denial here of a request to allocute for the first time after the prosecutor's final remarks constituted an abuse of discretion under Maryland's non-capital

sentencing rule.[7] That rule requires that the court afford the defendant an opportunity to make a statement and present information in mitigation of punishment.[8] The ability to speak in mitigation of punishment under the circumstances of this case necessarily entailed the opportunity to respond to the new substantive remarks of the prosecutor. Shifflett, however, was offered only the opportunity to speak before the prosecutor.

Because the remedy for an improper denial of allocution is resentencing, we vacate Shifflett's sentence and remand his case for that purpose.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED, EXCEPT AS TO THE SENTENCE; SENTENCE VACATED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR RESENTENCING. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

McAULIFFE, Judge, dissenting.

I agree that the preferred and most frequently followed procedure in sentencing proceedings is to offer the defendant the opportunity for allocution after the prosecutor's initial presentation. I would be willing to consider amend-

---

7. However in *Harris*, we noted that
   we do not suggest that the exercise of this right [of allocution] may be unlimited as to either duration or content. Although a sentencing court may not deny a defendant who elects to allocute a fair opportunity to exercise his right, the court may in its discretion curtail allocution that is irrelevant or unreasonably protracted. *Harris*, 306 Md. at 359, 509 A.2d at 127.

8. As we have already noted, "[a] previously held opinion regarding the appropriate sentence may well be modified after listening to ... defendant's statements in mitigation of punishment." *Kent v. State*, 287 Md. 389, 394–95, 412 A.2d 1236, 1239 (1980); *see generally State v. Lyles*, 308 Md. at 133, 517 A.2d at 763 (noting that Md.Rule 4–342(d) is mandatory and requires resentencing if violated).

ing Md.Rule 4–342(e) to mandate the preferred procedure. At present, however, the rule requires only that the defendant be offered the opportunity for allocution "before sentence is determined." Although the majority recognizes that the right of allocution is not of constitutional dimension, and exists only by virtue of Maryland nonconstitutional law currently reflected in Rule 4–342(e), it engrafts onto the rule its perception of what the procedure should be by the unfortunate expedient of inserting a requirement that simply is not present.

The majority explains that allocution is intended, among other things, to give the defendant an opportunity "to refute or explain any information presented to the sentencing judge,"—to "contest any disputed factual basis for the sentence." If the prosecutor had offered any new facts to the court, I would be inclined to agree that the defendant should be afforded an opportunity to explain or refute that information. Here, the prosecutor did not offer new facts. She simply argued the meaning of the undisputed facts which were known to both parties and to the court, and recommended a specific sentence. The effect of the Court's opinion today is to hold that the right of allocution carries with it the absolute right to have the final argument. I disagree, and I would affirm the judgment.