659 A.2d 356

Steven SANDERS

v.

STATE of Maryland.

No. 1491, Sept. Term, 1994.

Court of Special Appeals of Maryland.

June 6, 1995.

248

Shannon E. Avery, Asst. Public Defender (Stephen E. Harris, Public Defender) Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr. and Rachel Marblestone Kamins, on the brief) Baltimore, for appellee.

Submitted before BISHOP, ALPERT and BLOOM, JJ.

ALPERT, Judge.

On February 8, 1985, Steven Sanders, appellant, was convicted in the Circuit Court for Baltimore City of murder in the second degree, armed robbery, and use of a handgun in the commission of a felony. Appellant received consecutive sentences of thirty years for second-degree murder, twenty years for armed robbery, and twenty years for the handgun conviction. Appellant filed a Motion to Correct an Illegal Sentence, which was granted on June 23, 1994. After a hearing, appellant was resentenced by a different judge on the handgun charge to fifteen years to run consecutively with the fifty years he was serving for the murder and the armed robbery convictions. This appeal followed, wherein appellant asks the following question: "Did the trial court err in refusing to consider appellant's subsequent exemplary behavior in resentencing appellant on a 14 year old conviction for use of a handgun in the commission of a felony?" We hold that the trial court did err, and, therefore, we reverse.

## Facts and Proceedings

The offense that gave rise to these convictions occurred in 1980, at which time the statutory maximum sentence for use of a handgun in the commission of a felony was fifteen years.[1]

---

1. Article 27, section 36B(d), in 1980 read:

In 1982, the statute was amended and the maximum sentence for use of a handgun in the commission of a felony was increased to twenty years.[2]

Sanders submitted a Motion to Correct an Illegal Sentence on November 17, 1993, arguing that the judge's imposition of a twenty-year sentence for the handgun offense was in violation of the *ex post facto* clauses of the U.S. Constitution and the Maryland Declaration of Rights. A motions hearing was held on June 23, 1994 before the Circuit Court for Baltimore City (Welch, J.). Sanders's motion was granted and the court heard testimony in order to resentence Sanders. Before testimony was given, the judge inquired of defense counsel:

THE COURT: And it was a consecutive sentence imposed?

[DEFENSE COUNSEL]: Right. But your honor, I do believe since this is basically a brand new sentencing, you can take into consideration things that Mr. Sanders has achieved since he's been incarcerated as well.

I realize that you were not the sitting judge on this case, initially and you might be reluctant to do that, but I would like to be heard in argument as to that.

THE COURT: Sure.

Both Sanders and his attorney articulated the progress he has made since his incarceration. The evidence showed that Sanders completed his Graduate Equivalency Diploma while in the penitentiary and had been taking classes since 1990 at

---

*Unlawful use of a handgun in commission of crime.*—Any person who shall use a handgun in the commission of any felony ... shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony ..., be sentenced to the Maryland Division of Correction for a term of not less than five nor more than fifteen years, and it is mandatory upon the court to impose no less than the minimum sentence of five years.

Md.Ann.Code art. 27, § 36B(d) (1976 Repl.Vol.).

**2.** Article 27, section 36B(d) was amended effective July 1, 1982, substituting "20 years" for "fifteen years" and making stylistic changes to the section. Md.Ann.Code art. 27, § 36B(d) (1984 Supp.). The twenty-year maximum for violating this section has remained in effect since 1982.

Coppin State College. Sanders had a current GPA of 2.9 at college and expected to obtain his B.S. in Business in June of 1995. Furthermore, Sanders had been infraction-free for "about two years" and had no substance abuse problems for over three years. Sanders was active as an elder in his church and had attended Bible Study classes for several years. Within the penitentiary, Sanders acts as a mentor to other inmates, serves as the President of the penitentiary's chapter of the NAACP, and has been active in the penitentiary's chapter of the Jaycees. Sanders is also involved in an organization that teaches alternatives to violence. Sanders testified he understood his wrongdoings and had a new outlook on life including a new respect for others, and that all he wants to do is be of service to others.

Sanders's counsel then requested that the court take into account the fact that Sanders is substantially a different person now than he was back in 1980 when the crime was committed, and to either run the sentence for use of a handgun concurrent to the other sentences Sanders was serving, or to reduce the time below the fifteen year maximum. When announcing the sentence, the court stated:

> Mr. Sanders, I'm certainly impressed by your eloquence and the fact that you've made so much of your life. I'm also though, struck with a handicap that because I was appointed to take Judge Pines's place and tried to stand in his shoes and they're still I find, big shoes to fill. So it's hard for me to sort of second guess what he would or would not do.

The court then imposed on Sanders a new sentence of fifteen years, to run consecutive to the other sentences imposed. This appeal followed.

### Discussion

Sanders argues that the trial court erred in refusing to consider his subsequent exemplary behavior in resentencing him on his earlier conviction. He contends that the

> court apparently concluded that it was obligated to impose the statutory maximum because Judge Pines—the original

sentencing judge—imposed the statutory maximum. In addition, the sentencing judge denied Appellant's request to run the 15 years concurrent to his other sentences. Apparently 'standing in the shoes' of Judge Pines, the court ordered that the 15 years be run consecutive to Appellant's other sentences.

## Motion to Dismiss

The State first moved to dismiss this appeal on the ground that it was not allowed by law. The State explained that direct appeals are not allowed from the refusal of a trial court to correct an illegal sentence. *Valentine v. State*, 305 Md. 108, 119, 501 A.2d 847 (1985). Following that same reasoning, it contends that "it would be incongruous for this Court to permit a defendant to appeal the result of the *granting* of a motion to correct an illegal sentence...." (emphasis in original).

The reasoning of *Valentine* is not applicable to the instant case. In *Valentine*, the appellant was appealing the *denial* of a motion to correct an illegal sentence. *Id.* The Court of Appeals held that because the rule pertaining to the correction of illegal sentences is a statutory remedy, this motion is in the nature of a collateral attack. *Id.* Therefore, the Court held that "[a]n appeal from its denial is not a direct appeal from the original sentence." *Id.* at 120, 501 A.2d 847. Accordingly, the Court held that "[t]he refusal of a trial judge to correct an illegal sentence can only reach the appellate courts when the procedures of the Uniform Post Conviction Procedure Act are followed." *Id.*

The facts of the instant case differ significantly from the facts in *Valentine*. Here, Sanders seeks to appeal the resentencing that resulted after his motion to correct an illegal sentence was granted, not to appeal the *granting* of that motion as the State contends. While the State would have us extend the holding in *Valentine* to the instant case, it is illogical to do so. What occurred here is more analogous to an

appeal of a sentence imposed during resentencing after re-
mand than it is to an appeal of a denial of a motion.

■ When any court vacates a sentence because it is illegal,
the trial court has sole jurisdiction to impose a new sentence.
*See Bartholomey v. State,* 267 Md. 175, 186, 297 A.2d 696
(1972); *Smith v. State,* 31 Md.App. 310, 322, 356 A.2d 320
(1976). Thus, when a sentence is found on appeal to be illegal,
the case must be remanded to the trial court for resentencing.
*See Bowman v. State,* 314 Md. 725, 738–39, 552 A.2d 1303
(1989). Accordingly, whether a sentence is found to be illegal
on appeal or by the trial court directly, the result is that a new
sentence must be imposed.

■ In the case *sub judice,* it is Sanders's contention that
the sentence imposed by the lower court judge was improperly
motivated. Specifically, he asserts that the judge felt bound
to follow the sentencing imposed by the original sentencing
judge and failed to take into account the mitigating factors
that he produced during allocution. We see no reason why
this issue is not appealable to our Court. Sanders is not
appealing the grant of the motion to correct an illegal sen-
tence, nor is he appealing a denial of that motion, as was done
in *Valentine.* Rather, Sanders is appealing the sentence that
resulted from resentencing and the resentencing in this case
should not be treated any differently from a resentencing
after a remand. The question of whether a trial judge was
motivated by ill-will, prejudice, or other impermissible consid-
erations in imposing a sentence may be considered on direct
appeal. *Randall Book Corp. v. State,* 316 Md. 315, 322–23, 558
A.2d 715 (1989). As this is the issue Sanders raised in this
appeal, the State's motion to dismiss is denied.

## Sentence

Sanders contends that the sentencing judge erroneously
interpreted his role by believing that he was bound to follow
the earlier sentencing judge's lead in imposing the maximum
sentence to run consecutively. Sanders explains that it is well
established that a sentencing judge must individualize the

sentence to the offender. *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, *reh'g denied,* 337 U.S. 961, 338 U.S. 841, 69 S.Ct. 1529, 70 S.Ct. 34, 93 L.Ed. 1760, 94 L.Ed. 514 (1949). In *Bartholomey,* 267 Md. at 193–194, 297 A.2d 696, the Court of Appeals explained the role of a resentencing court:

> [I]n resentencing ... the sentencing court must approach its task as if no sentence had ever been imposed, and it was exercising its sentencing discretion under [the criminal code provision the defendant was convicted of violating] for the first time.... [T]he inquiry of the judge is not limited by the strict rules of evidence and he is invested with wide discretion in determining the sentence to be imposed within the authorized statutory limits.... Of course, the sentencing judge may take into consideration the defendant's conduct after the offense was committed, *viz.,* he may consider evidence of events occurring after the date of the original sentencing to whatever extent he may deem necessary.
>
>      \*     \*     \*     \*     \*     \*
>
> [A defendant] is entitled to a meaningful sentencing hearing at which full consideration must be given to the full range of punishment alternatives prescribed by [the criminal code provision the defendant was convicted of violating].

(footnotes and citations omitted).

Exactly what a court can take into consideration was announced in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There, the Supreme Court explained that "[a] trial judge is not constitutionally precluded ... from imposing a new sentence,.... in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' " *Id.* at 723, 89 S.Ct. at 2079 (quoting *Williams,* 337 U.S. at 245, 69 S.Ct. at 1082).

This Court, in *Danna v. State,* 91 Md.App. 443, 605 A.2d 150, *cert. denied,* 327 Md. 627, 612 A.2d 257 (1992), also noted that a resentencing judge could consider matters subsequent to the original sentencing. In that case, the appellant argued

that the resentencing judge improperly refused to consider her post-conviction conduct in mitigation of her sentence. *Id.* at 455, 605 A.2d 150. Judge Harrell, writing for this Court, explained that we had no need to consider this issue due to our disposition on the first issue presented. *Id.* at 455–56, 605 A.2d 150. He noted, however, for the guidance of the lower court that there seemed to be some merit to this contention in the record. *Id.* at 456, 605 A.2d 150. "We cannot say, based upon the resentencing judge's comments at the resentencing hearing, whether he was of the opinion that he could not consider matters subsequent to the original sentence in deciding upon an appropriate sentence for appellant. If he was of that opinion, he was incorrect." *Id.* (citing *Bartholomey,* 267 Md. at 194, 297 A.2d 696).

Sanders also cites *Kent v. State,* 287 Md. 389, 395, 412 A.2d 1236 (1980), wherein the Court of Appeals held that two trial judges who were to sentence a defendant in two separate cases could not agree in advance of the sentencing hearing to the aggregate sentences to be imposed. "[I]f the prior agreement is so firm that whatever is later said by the defendant or counsel in mitigation cannot be taken into consideration, or cannot change the trial judge's conclusion no matter how meritorious the argument, then the right of allocution becomes meaningless." *Id.* Sanders urges that, "[i]n accordance with *Kent,* a sentencing judge is prohibited from imposing a sentence based solely upon the opinion of a colleague, or as in the instant case-the perceived opinion of a colleague, to the exclusion of a defendant's presentation of mitigating factors." Sanders argues, therefore, that since the resentencing judge felt compelled to "stand in the shoes" of the original sentencing judge, he did not exercise his role properly and consider all of the mitigating factors presented by Sanders during allocution.

The State disagrees, arguing that the judge "clearly considered the information Sanders had presented." This is apparent, contends the State, by the judge's statement that he was impressed by Sanders's eloquence and by what he has made of his life. The State contends that simply because the judge felt

constrained to run the corrected sentence consecutive to the others, in accordance with the earlier sentence, does not render the decision erroneous. The State points out that "a sentencing judge in a criminal proceeding is 'vested with virtually boundless discretion.'" *State v. Dopkowski*, 325 Md. 671, 679, 602 A.2d 1185 (1992) (quoting *Logan v. State*, 289 Md. 460, 480, 425 A.2d 632 (1981)). Moreover, argues the State, *Bartholomey* states that the sentencing court *may* take into consideration the defendant's conduct after the offense was committed, but the matter is discretionary, not compulsory. Since the subsequent sentencing judge was free to consider factors in mitigation of Sanders's sentence and apparently he did so "to a certain degree," the State contends that it was within the court's discretion to believe that he was not in a proper position to "second guess" the original sentencing judge and to impose the maximum sentence consecutively.

We disagree with the State. We do not dispute that sentencing is within a sentencing judge's discretion. And we agree that only three grounds of appellate review of sentences are recognized in Maryland: if the sentence is challenged as cruel and unusual punishment or violates another provision of the Constitution; if the sentence was motivated by impermissible considerations, ill-will, or prejudice; or if the sentence is argued to be outside of statutory limitations. *State v. Dopkowski*, 325 Md. 671, 680, 602 A.2d 1185 (1992) (quoting *Teasley v. State*, 298 Md. 364, 370, 470 A.2d 337 (1984)). In the case *sub judice*, Sanders is making no claim that the punishment violated the Constitution. Furthermore, the sentence imposed by the judge at resentencing was clearly within the statutory limits; it was the maximum allowed by statute. Sanders is challenging the judge's motivation for the sentence, claiming that, by believing he was constrained to follow the original sentencing judge, the resentencing judge was motivated by impermissible considerations. We agree. It is apparent from the record that the resentencing judge felt bound by the nature of the sentence imposed by the original trial judge. Prior to hearing the evidence by Sanders's and his counsel, the judge checked with defense counsel to be sure that the

earlier sentence had been imposed consecutively. Prior to announcing the sentence, the judge noted Sanders's accomplishments but then he said that he was "stuck with a handicap" and had to "stand in [Judge Pines's] shoes." He indicated that it was hard to "second guess what [Judge Pines] would or would not do," and then he imposed virtually the same sentence as Judge Pines had, simply reducing it to the maximum that was legally allowed. The law requires the judge to conduct his own inquiry and to reach his own sentence based upon the evidence before him. Because it appears that the judge erroneously felt constrained to follow his predecessor's decision and was therefore motivated by impermissible considerations, Sanders is entitled to a new sentencing hearing.

SENTENCE VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR RESENTENCING; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.