997 A.2d 131

Jay Anthony JONES

v.

STATE of Maryland.

No. 100, Sept. Term, 2009.

Court of Appeals of Maryland.

June 17, 2010.

688

Sherrie B. Glasser, Asst. Public Defender (Paul B. DeWolfe, Public Defender, Baltimore), on brief, for petitioner/cross–respondent.

Gary E. O'Connor, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore), on brief, for respondent/cross–petitioner.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY and BARBERA, JJ.

BELL, C.J.

The genesis of this case is an improper sentence that was imposed upon Jay Anthony Jones, the petitioner, by the Circuit Court for Baltimore City. Having been tried in connection with the shooting and robbery of David Knowlin and

Jamile Thomas, the petitioner was convicted of, *inter alia,* first degree assault and robbery with a dangerous weapon. Despite the petitioner's arguments in mitigation, that: he was the least culpable of those involved in the crime, he had family support and he had no prior contact with the judicial system, the petitioner was sentenced to sixty-five (65) years in prison. The actual shooter received seventy (70) years imprisonment.

The petitioner noted an appeal, challenging that sentence, to the Court of Special Appeals. He argued in that court that the trial court erred in refusing to merge the first-degree assault count with the armed robbery count, as it pertained to one of the victims. Agreeing with that argument, the intermediate appellate court, in order to remedy the illegal sentence, remanded the case, in an unreported opinion, to the Circuit Court. Its mandate provided:

"Sentence imposed under Count 3 of indictment No. 103149031 for first-degree assault and sentence imposed under Count 1 of indictment No. 103149033 (robbery with a deadly weapon) vacated; case remanded to the Circuit Court for Baltimore City for imposition of a new sentence in accordance with the views expressed in this opinion; judgments otherwise affirmed; costs to be divided equally between appellant and the Mayor and City Council of Baltimore."

At a resentencing hearing, the trial court reduced the petitioner's sentence from sixty-five years (65) to sixty years (60);[1] however, although the petitioner indicated his desire to offer such evidence, the trial court refused to consider any

---

1. With regard to Mr. Knowlin, the first-degree assault conviction was merged with the armed robbery conviction, resulting in a total sentence of twenty (20) years, to be served consecutively with an additional twenty (20) year sentence for the use of a handgun in the commission of a violent crime. For the armed robbery conviction relating to Mr. Thomas, the petitioner received a twenty (20) year sentence, to be served consecutively with the sentence in the Knowlin case, bringing his total sentence to sixty (60) years. The petitioner's remaining convictions merged.

mitigating evidence. The basis of this refusal may be found in the following colloquy:

"[DEFENSE COUNSEL]: Your Honor I wanted to argue for mitigation before you imposed sentence.

"THE COURT: I don't believe there is anything to mitigate on. I think this was sent back for merger.

"[DEFENSE COUNSEL]: Okay."

Thus, the trial court seemed to believe, improperly so, we think, that it was constrained by the Court of Special Appeals' remand only to merge the first-degree assault count with the armed robbery count, and that it was precluded from considering, for purposes of sentencing, any factors that could mitigate the petitioner's "new sentence."

The petitioner again appealed to the Court of Special Appeals, this time arguing based on *Sanders v. State,* 105 Md. App. 247, 659 A.2d 356 (1995), that the sentencing court should have permitted him to offer mitigating evidence before resentencing him. The State, in response, maintained that the issue of mitigation was not properly preserved or, if it were, was without merit.

"Assuming without deciding" the validity of the petitioner's preservation argument, the Court of Special Appeals concluded that there was "no error." Addressing *Sanders,* it determined the case to be inapplicable because the petitioner "has failed to provide evidence of 'events subsequent to the first trial that may have thrown new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.' " (quoting *North Carolina v. Pearce,* 395 U.S. 711, 723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656, 668 (1969)). The intermediate appellate court held, therefore, that the petitioner did not meet his burden to show that the trial judge misconstrued or misapplied the law and observed that, unlike the trial judge in *Sanders,* the trial judge here was not " 'stuck with a handicap' " from the previous trial judge's ruling. The intermediate appellate court concluded that "[t]he court's statement here that 'I don't believe there is anything to mitigate on' does not

indicate, contrary to appellant's assertion, that it felt it was precluded from considering argument in mitigation."

This Court granted certiorari, *Jones v. State,* 410 Md. 701, 980 A.2d 482 (2009), to determine two issues. The first, whether "the trial court err[ed] in failing to allow [the] petitioner to offer argument in mitigation before imposing sentence." The second, briefly stated, is whether the "petitioner fail[ed] to preserve his claim that the trial court failed to allow him to offer argument in mitigation." We disagree with the determination of the Court of Special Appeals, and hold, to the contrary, that the trial court's refusal to allow mitigating evidence to be adduced prior to the resentencing was in error.

The mandate of the intermediate appellate court was clear: the trial court was to issue "a new sentence in accordance with the views expressed in [its] opinion." The court certainly did not expressly foreclose the trial court from considering mitigating evidence. It is also significant that the "views expressed" did not include a directive that the trial court impose a term of years, or any particular sentence. The court simply held that a merger of two of the sentences was required. The intermediate appellate court's concluding remarks on the merger issue are instructive in this regard:

> "Therefore, appellant's first-degree assault conviction must merge into the robbery-with-a-deadly-weapon conviction. If the jury believed, as it may have done pursuant to the court's instructions, that the shooting was part of the robbery, then the first-degree-assault conviction merges into the greater offense (robbery with a dangerous weapon). Because we have no way of knowing whether the jury believed that the shooting was separate from the armed robbery, we hold that, for sentencing purposes, the first-degree-assault charges merged into the crime of robbery with a dangerous weapon."

Thus, the Court of Special Appeals only instructed the trial court to merge the two convictions, for sentencing purposes, without any additional express or implied limitations.

 

I. *The Right of Allocution is Required in Resentencing.*

 We begin our analysis with the acknowledgment that a trial judge has "very broad discretion in sentencing." *Jackson v. State,* 364 Md. 192, 199, 772 A.2d 273, 277 (2001); *Gary v. State,* 341 Md. 513, 516, 671 A.2d 495, 496 (1996); *Poe v. State,* 341 Md. 523, 531, 671 A.2d 501, 505 (1996); *Jennings v. State,* 339 Md. 675, 683, 664 A.2d 903, 907 (1995); *Jones v. State,* 336 Md. 255, 265, 647 A.2d 1204, 1209 (1994); *State v. Dopkowski,* 325 Md. 671, 679, 602 A.2d 1185, 1189 (1992); *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632, 642 (1981). Nonetheless, we have made clear that the trial judge should tailor the criminal sentence to fit the " 'facts and circumstances of the crime committed and the background of the defendant, including his or her reputation, prior offenses, health, habits, mental and moral propensities, and social background.' " *Jackson,* 364 Md. at 199, 772 A.2d at 277 (quoting *Poe,* 341 Md. at 532, 671 A.2d at 505).

It is well established that:

" 'only three grounds for appellate review of sentences are recognized in this State: (1) whether the sentence constitutes cruel and unusual punishment or violates other constitutional requirements; (2) whether the sentencing judge was motivated by ill-will, prejudice or other impermissible considerations; and (3) whether the sentence is within statutory limits.' "

*Jackson,* 364 Md. at 200, 772 A.2d at 277 (quoting *Gary,* 341 Md. at 516, 671 A.2d at 496); citing *Teasley v. State,* 298 Md. 364, 370, 470 A.2d 337, 340 (1984); *see generally Logan v. State,* 289 Md. 460, 425 A.2d 632 (1981); *Kaylor v. State,* 285 Md. 66, 400 A.2d 419 (1979); *Clark v. State,* 284 Md. 260, 396 A.2d 243 (1979). This case does not involve a contention that the sentence constituted cruel and unusual punishment or that it was not within statutory limits. It does, however, demand a discussion under (2), particularly as it pertains to whether the trial court during sentencing was "motivated by . . . impermissible considerations."

To be sure, the trial court correctly noted that the case was remanded "for merger." This does not mean, however, that the hearing was confined simply and solely to the implementation of that mandate. To accomplish merger a new resentencing was required, and because mitigating evidence may be offered at a sentencing, the petitioner was within his right to raise the issue and the trial court should have considered such evidence as may have been offered by him.

The first question that must be asked and answered is whether a "resentencing" or a "new sentence" is a "sentencing." The answer is yes. *Bartholomey v. State*, 267 Md. 175, 297 A.2d 696 (1972) is clear on this point. In *Bartholomey*, the decision in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), prompted this Court "summarily [to] vacate[ ] death sentences imposed in 120 other cases then pending on its docket . . . and remand[ ] all the cases 'for further proceedings.' " 267 Md. at 183, 297 A.2d at 700. In one of the cases on review in *Bartholomey*, *Sterling v. State*, 248 Md. 240, 235 A.2d 711 (1967), in which the defendant was sentenced to death for rape, *Bartholomey*, 267 Md. at 191, 297 A.2d at 704, the sentencing court, in error, despite the vacating of that sentence pursuant to *Furman*, "automatically mandate[d] imposition of the next most severe penalty." *Bartholomey*, 267 Md. at 191, 297 A.2d at 704. We reversed. *Id.* at 192, 297 A.2d at 705. We stated: "[o]n the contrary, in resentencing . . . the sentencing court must approach its task [of sentencing] as if no sentence had ever been imposed." *Id.* at 193, 297 A.2d at 706. The trial court is charged, therefore, with "exercising its sentencing discretion" as if the sentence was occurring for the first time. *Id.*

During resentencing, therefore, especially one where the mandate specifies, for "a new sentence" the Maryland courts must rely on the standard rules of sentencing. This comports with Maryland Rule 4–342(a) [2] which provides: "Ap-

---

2. The Maryland Rule in effect at the time of petitioner's sentencing trial, provided: Rule 4–342. "Sentencing—Procedure in non-capital cases."

"(a) Applicability. This Rule applies to all cases except those governed by Rule 4–343.

"(b) Statutory sentencing procedure. When a defendant has been found guilty of murder in the first degree and the State has given timely notice of intention to seek a sentence of imprisonment for life without the possibility of parole, but has not given notice of intention to seek the death penalty, the court shall conduct a sentencing proceeding, separate from the proceeding at which the defendant's guilt was adjudicated, as soon as practicable after the trial to determine whether to impose a sentence of imprisonment for life or imprisonment for life without parole.

\* \* \*

"(c) Judge. If the defendant's guilt is established after a trial has commenced, the judge who presided shall sentence the defendant. If a defendant enters a plea of guilty or nolo contendere before trial, any judge may sentence the defendant except that, the judge who directed entry of the plea shall sentence the defendant if that judge has received any matter, other than a statement of the mere facts of the offense, which would be relevant to determining the proper sentence. This section is subject to the provisions of Rule 4–361.

"(d) Presentence disclosures by the State's Attorney. Sufficiently in advance of sentencing to afford the defendant a reasonable opportunity to investigate, the State's Attorney shall disclose to the defendant or counsel any information that the State expects to present to the court for consideration in sentencing. If the court finds that the information was not timely provided, the court shall postpone sentencing.

"(e) Notice and right of victim to address the court.

"(1) Notice and determination. Notice to a victim or a victim's representative of proceedings under this Rule is governed by Code, Criminal Procedure Article, § 11–104(e). The court shall determine whether the requirements of that section have been satisfied.

"(2) Right to address the court. The right of a victim or a victim's representative to address the court during a sentencing hearing under this Rule is governed by Code, Criminal Procedure Article, § 11–403.

\* \* \*

"(f) Allocution and information in mitigation. Before imposing sentence, the court shall afford the defendant the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment.

"(g) Reasons. The court ordinarily shall state on the record its reasons for the sentence imposed.

"(h) Credit for time spent in custody. Time spent in custody shall be credited against a sentence pursuant to Code, Criminal Procedure Article, § 6–218.

"(i) Advice to the defendant. At the time of imposing sentence, the court shall cause the defendant to be advised of any right of appeal, any right of review of the sentence under the Review of Criminal Sentences Act, any right to move for modification or reduction of the sentence, and the time allowed for the exercise of these rights. At the time of imposing a sentence of incarceration for a violent crime as

plicability. This Rule applies to all cases except those governed by Rule 4–343.[3]" "[A]ll cases" include resentencings.

■ Before a sentence is imposed, a defendant's long-recognized right of allocution is triggered. In *Harris v. State*, 306 Md. 344, 509 A.2d 120 (1986), a case which concerned the right of allocution for a defendant sentenced to death, this Court confirmed the deep roots allocution has within this State's jurisprudence. It stated:

"The right of allocution existed in 1776 in essentially the form above outlined: it was a formal, narrowly defined right viewed as an essential part of the criminal sentencing procedure. This, therefore, was the nature of the common

---

defined in Code, Correctional Services Article, § 7–101 and for which a defendant will be eligible for parole as provided in § 7–301(c) or (d) of the Correctional Services Article, the court shall state in open court the minimum time the defendant must serve for the violent crime before becoming eligible for parole. The circuit court shall cause the defendant who was sentenced in circuit court to be advised that within ten days after filing an appeal, the defendant must order in writing a transcript from the court stenographer.

\* \* \*

"(j) Terms for release. On request of the defendant, the court shall determine the defendant's eligibility for release under Rule 4–349 and the terms for any release.

"(k) Restitution from a parent. If restitution from a parent of the defendant is sought pursuant to Code, Criminal Procedure Article, § 11–604, the State shall serve the parent with notice of intention to seek restitution and file a copy of the notice with the court. The court may not enter a judgment of restitution against the parent unless the parent has been afforded a reasonable opportunity to be heard and to present evidence. The hearing on parental restitution may be part of the defendant's sentencing hearing.

"(*l*) Recordation of restitution.

"(1) Circuit court. Recordation of a judgment of restitution in the circuit court is governed by Code, Criminal Procedure Article, § 11–608 and Rule 2–601.

"(2) District Court. Upon the entry of a judgment of restitution in the District Court, the Clerk of the Court shall send the written notice required under Code, Criminal Procedure Article, § 11–610(e). Recordation of a judgment of restitution in the District Court is governed by Code, Criminal Procedure Article, § § 11–610 and 11–612 and Rule 3–621."

3. Md. Rule 4–343 applies exclusively to capital cases.

law right originally secured for the citizens of Maryland by Article 5 of the Declaration of Rights.

\* \* \*

"As sentencing statutes prescribing ranges of penalties rather than fixed penalties became more common, judicial discretion assumed a significant role in the sentencing process. Presumably in response to the trial courts' newly vested discretion, the scope of allocution was broadened, permitting a criminal defendant to inform the court of any mitigating factors relevant to sentencing, or simply to plead for leniency."

*Id.* at 354–55, 509 A.2d at 125 (footnote omitted). "Allocution 'provides a unique opportunity for the defendant himself to face the sentencing body . . . and to explain in his own words the circumstances of the crime'" as well as "'his feelings regarding his conduct, culpability, and sentencing.'" *Shifflett v. State,* 315 Md. 382, 386, 554 A.2d 814, 816 (1989) (quoting *Harris,* 306 Md. at 358, 509 A.2d at 127). Section (f) of Rule 4–342 controls how a trial court should treat allocution. It states:

"(f) Allocution and information in mitigation. Before imposing sentence, the court shall afford the defendant the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment."

Rule 4–342(f).

Case law speaks in terms of the type of information the court "may" consider. *See Bartholomey,* 267 Md. at 193, 297 A.2d at 706 ("[T]he sentencing judge may inquire into the past criminal record of the defendant and hear evidence and receive reports in aggravation or mitigation of punishment; the inquiry of the judge is not limited by the strict rules of evidence and he is invested with wide discretion in determining the sentence to be imposed within the authorized statutory limits."); *Purnell v. State,* 241 Md. 582, 585, 217 A.2d 298, 300 (1966)("It is almost, if not universally, held that opprobrious or kindly and commendable action on the part of a convict may

be considered in sentencing as a matter either of aggravation or mitigation of possible punishment."); *Farrell v. State,* 213 Md. 348, 131 A.2d 863 (1957). This Court has made clear, however, that the Rule itself is not permissive. *See Kent v. State,* 287 Md. 389, 393, 412 A.2d 1236, 1238 (1980). In *Kent,* the issue was the validity of a sentence imposed in violation of Rule 772 d, the predecessor of Rule 4–342. That Rule provided:

" 'Allocution.

'Before imposing sentence the court shall inform the defendant that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment, and the court shall afford an opportunity to exercise this right.' "

*Kent,* 287 Md. at 393, 412 A.2d at 1238. As to the effect of the Rule, we stated:

"Considering the language of the rule, its requirements are clearly mandatory. *Brown v. State,* 11 Md.App. 27, 272 A.2d 659, *cert. denied,* 261 Md. 722 (1971). *See also In re James S.,* 286 Md. 702, 410 A.2d 586 (1980); *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979); *Johnson v. State,* 282 Md. 314, 384 A.2d 709 (1978)."

*Id.* at 393, 412 A.2d at 1238. In a footnote the Court reasoned:

"The history of Rule 772 d, which was previously numbered Rule 761 a, confirms that it was intended to be mandatory. An excellent discussion of the rule and the right to allocution generally, including the history of the right and cases in other jurisdictions, is contained in Judge Thompson's opinion for the Court of Special Appeals in *Brown v. State,* 11 Md.App. 27, 272 A.2d 659, *cert. denied,* 261 Md. 722 (1971)."

*Id.* at 393 n. 3, 412 A.2d at 1238 n. 3.

■ To be sure, in the evolution of this Rule, the trial court's responsibility has diminished—no longer is a trial court required to inform the defendant of his or her right of allocution. Under Rule 4–342, the court is required only to afford the defendant the chance to "make a statement and to

present information." On this point, this Court, in *State v. Lyles*, 308 Md. 129, 133, 517 A.2d 761, 763 (1986), stated:

"In our view there is simply no requirement that the court inform the accused of his right to allocute under the present rule. Rule 4–342 is somewhat different than former Rule 772(c). The former rule, by its terms, required the court to inform an accused that he has the right, personally and through counsel, to make a statement and to present information in mitigation of punishment before sentence was imposed. The rule also required the court to afford the defendant an opportunity to exercise this right. The requirement that the court inform the accused of this right was eliminated in the present version of the rule leaving only the requirement that an opportunity to make a statement be afforded."

The "requirement" that the petitioner have "an opportunity" to offer mitigating evidence was not complied with here. *See Shifflett*, 315 Md. at 388, 554 A.2d at 817(footnote omitted)("That rule requires that the court afford the defendant an opportunity to make a statement and present information in mitigation of punishment."). Indeed, the opportunity was denied even though, in the instant case, the petitioner requested the opportunity to present mitigating evidence; he was told, in effect and in fact, that he was not entitled to such an opportunity. That ruling directly violated Md. Rule 4–342(f).

Affirming that the requirement that there be an opportunity to present mitigating evidence is mandated is consistent with the United States Supreme Court's holding in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)[4].

---

**4.** Since its decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court has "limited" the "application" of its holding. *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 2205, 104 L.Ed.2d 865, 873 (1989). This limitation however pertains only to an increase in sentence, where there is a " 'reasonable likelihood,' " *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74, 80 (1982), that this increase is "the product of actual vindictiveness." *Smith*, 490 U.S. at 799, 109 S.Ct. at 2205, 104 L.Ed.2d at 873.

Addressing the perimeters of the trial court's authority on resentencing, the Court instructed:

"A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' *Williams v. New York*, 337 U.S. 241, 245 [69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341 (1949)]. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle, fully approved in *Williams v. New York, supra*, that a State may adopt the 'prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime.' *Id.*, at 247[, 69 S.Ct. at 1083, 93 L.Ed. at 1342]."

*Id.* at 723, 89 S.Ct. at 2079–80, 23 L.Ed.2d at 668. Although, in *Pearce*, a conviction, rather than a sentence, had been vacated, the underlying rationale is the same.

The Court of Special Appeals, relying heavily on this passage from *Pearce*, stresses that the petitioner did not meet his burden to prove that he had new "life, health, habits, conduct, and mental and moral propensities" since the first trial and sentencing. Whether any burden of proof is imposed on a defendant, the petitioner, in this case, was never given the opportunity, prescribed by Rule 4–342(f), to meet it. In response to the petitioner's indication that he wanted to present mitigating evidence, the trial court stated: "I don't believe there is anything to mitigate on. I think this was sent back for merger." Even if the petitioner had new information or evidence, the opportunity for him to have introduced it was foreclosed. The trial court thus treated the proceeding as being one for the limited purpose of merging two counts. It was unwilling to hear what the petitioner's defense counsel

had to say, and, unfortunately, the petitioner neither pursued nor pushed the issue.

The remand hearing was for the purpose of "resentencing" the petitioner. Therefore, the trial court was required, as with any sentencing proceeding, to listen to the evidence and to decide whether to accept, or refuse, it as mitigation. This Court does not share the Court of Special Appeals' confidence that there was no new, and possibly pertinent, information to be adduced, as the opportunity to present it was precluded by the trial court's refusal to consider the matter of mitigation.

 It is this Court's position that the trial judge has to consider mitigating evidence when it is offered; it may, but need not, accept it. Nor is this Court to be understood as holding that the petitioner's right to allocate is unbridled. In *Harris v. State,* 306 Md. at 359, 509 A.2d at 127, we made this point with clarity. There, commenting on the trial court's authority to control allocation, we said:

> "[W]e do not suggest that the exercise of this right [of allocution] may be unlimited as to either duration or content. Although a sentencing court may not deny a defendant who elects to allocute a fair opportunity to exercise his right, the court may in its discretion curtail allocution that is irrelevant or unreasonably protracted."

*Id.* A related issue is the extent to which the trial court's sentencing role in this case was limited by the decision of the Court of Special Appeals. Albeit involving a different judicial relationship than at issue here—rather than the appellate court to trial court (law of the case), it involved judges of the same bench, one the original sentencing judge and the other, his successor—the decision of the intermediate appellate court, in *Sanders v. State,* 105 Md.App. 247, 659 A.2d 356, is instructive on the issue. When, at his resentencing for use of a handgun in the commission of a felony [5], *id.* at 249, 659 A.2d at

---

**5.** Sanders was initially convicted of second degree-murder, armed robbery, and use of a handgun in the commission of a felony. *Sanders v. State,* 105 Md.App. 247, 249, 659 A.2d 356, 357 (1995). For this he

357, the defendant, Sanders, attempted to introduce mitigating evidence, the trial court stifled the effort, stating,

> " 'I'm certainly impressed by your eloquence and the fact that you've made so much of your life. I'm also though, stuck with a handicap that because I was appointed to take Judge Pines's place and tried to stand in his shoes . . . it's hard for me to sort of second guess what he would or would not do.' "

*Id.* at 251, 659 A.2d at 358. Not satisfied with the trial court's resolution of the issue, the Court of Special Appeals, relying on *Danna v. State*, 91 Md.App. 443, 605 A.2d 150 (1992), pointed out that "a resentencing judge could consider matters subsequent to the original sentencing." *Sanders*, 105 Md.App. at 254, 659 A.2d at 360. Given the trial judge's discretion and the importance of allocution, the court concluded:

> "It is apparent from the record that the resentencing judge felt bound by the nature of the sentence imposed by the original trial judge. Prior to hearing the evidence by Sanders's and his counsel, the judge checked with defense counsel to be sure that the earlier sentence had been imposed consecutively. Prior to announcing the sentence, the judge noted Sanders's accomplishments but then he said that he was 'stuck with a handicap' and had to 'stand in [Judge Pines's] shoes.' He indicated that it was hard to 'second guess what [Judge Pines] would or would not do,' and then he imposed virtually the same sentence as Judge Pines had, simply reducing it to the maximum that was legally allowed. The law requires the judge to conduct his own inquiry and to reach his own sentence based upon the evidence before him. Because it appears that the judge

---

was sentenced to thirty (30) years for second-degree murder, twenty (20) years for armed robbery, and twenty (20) years for use of a handgun in the commission of a felony, each sentence to be served consecutively. *Id.* Sanders successfully filed a Motion to Correct an Illegal Sentence, resulting in his being resentenced to fifteen (15) years for the handgun conviction, to be served consecutively with the second-degree murder and armed robbery convictions. *Id.* The issue before the Court of Special Appeals, and relevant to this case, arose during the resentencing.

erroneously felt constrained to follow his predecessor's deci-
sion and was therefore motivated by impermissible consid-
erations, Sanders is entitled to a new sentencing hearing."
*Id.* at 256–57, 659 A.2d at 361. We agree with the reasoning
of *Sanders.* In this case, under these circumstances, the trial
judge's role was not as limited as the trial court portrayed it.

 From the trial judge's statement, "I think this was
sent back for merger," it can be inferred that he believed that
his instructions from the Court of Special Appeals were to
merge two charges, and nothing more, and for that reason, he
was not permitted to consider mitigating evidence. Signifi-
cantly, the mandate of the intermediate appellate court, by its
express language, called for the "imposition of a new sentence
in accordance with the views expressed in this opinion." That
the Court of Special Appeals indicated that the new sentence
be consistent with the views it expressed required that certain
enumerated charges be merged, to be sure, but that directive
did not limit the proceedings to that action alone. Neither its
opinion nor its mandate precluded the trial court from hearing
mitigating evidence. As we have seen, while what the trial
court makes of evidence offered in mitigation is a matter
entrusted to its discretion, its application of Rule 4–342(f),
however, is mandatory. The trial court was required to
"afford the defendant the opportunity . . . to make a state-
ment and to present information in mitigation of punishment."
*See* Rule 4–342(f). "Where there is a violation of th[is] rule,
the remedy is resentencing." *Kent,* 287 Md. at 393–94, 412
A.2d at 1238; *see Rome v. State,* 236 Md. 583, 589, 204 A.2d
674, 677–78 (1964).

II. *The Matter is Properly Preserved.*

 The State argues that this Court need not reach the
merits of the mitigation argument because, by acquiescing in
the trial court's ruling, the petitioner waived the issue, thus
failing to preserve it for appellate review. The petitioner
rejoins that the matter clearly is preserved, maintaining that
"[c]ounsel's acknowledgment and respectful deference to the
ruling of the court simply is not indicative of acquiescence or

agreement with the court's decision." Even though defense counsel's response of "Okay" to the trial court's ruling denying the petitioner the right to present mitigation evidence is not an objection, whether the petitioner objected is not the dispositive inquiry in this case.

In *State v. Lyles*, 308 Md. at 134, 517 A.2d at 764, we noted the right to allocute was not a fundamental, constitutional right and accordingly "may be waived if not asserted at trial." *See also Harris v. State*, 306 Md. at 357, 509 A.2d at 126 ("[T]he right of allocution . . . is waived if not asserted by the defendant before sentencing."). Waiver consists of "failing to request an opportunity to address the court personally." *Lyles*, 308 Md. at 134, 517 A.2d at 764. This makes sense inasmuch as Rule 4–342 places the onus on the court to "afford the defendant the opportunity . . . to make a statement and to present information in mitigation of punishment." When a defendant requests, or otherwise makes clear that he or she wants the opportunity to introduce mitigating evidence, Rule 4–342 requires that he or she be permitted to present such evidence as he or she may have.

*Logan v. State*, 289 Md. 460, 425 A.2d 632, is inapposite. There, the trial court offered the defendant a chance to speak, which the defendant declined. During the

> "time for allocution [the trial judge asked the defendant if he] 'care[d] to be heard from[.]' The reply was made by defense counsel in the presence of his client: 'No Your Honor.' To this answer no objection or other register of disagreement was made by the defendant; nor, after the imposition of sentence, was there any objection noted. . . . Thus, [the defendant] forfeited his right to appellate review of the allocution issue."

*Id.* at 487, 425 A.2d at 646.

To be sure, the U.S. Supreme Court also has addressed the effect of a violation of a rule similar to Rule 4–342, Rule 32 of the Federal Rules of Criminal Procedure[6], and held that

---

**6.** Rule 32 of Federal Rules of Criminal Procedure, that which was in effect at the time of petitioner's sentencing trial, stated, in relevant part:

"(i) Sentencing.

"(1) *In General.* At sentencing, the court:

"(A) must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

"(B) must give to the defendant and an attorney for the government a written summary of—or summarize in camera—any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information;

"(C) must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and

"(D) may, for good cause, allow a party to make a new objection at any time before sentence is imposed.

"(2) *Introducing Evidence; Producing a Statement.* The court may permit the parties to introduce evidence on the objections. If a witness testifies at sentencing, Rule 26.2(a)-(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

"(3) *Court Determinations.* At sentencing, the court:

"(A) may accept any undisputed portion of the presentence report as a finding of fact;

"(B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and

"(C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

"(4) *Opportunity to Speak.*

"(A) *By a Party.* Before imposing sentence, the court must:

"(i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;

"(ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

"(iii) provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

"(B) *By a Victim.* Before imposing sentence, the court must address any victim of a crime of violence or sexual abuse who is present at sentencing and must permit the victim to speak or submit any information about the sentence. Whether or not the victim is present, a victim's right to address the court may be exercised by the following persons if present:

"(i) a parent or legal guardian, if the victim is younger than 18 years or is incompetent; or

"(ii) one or more family members or relatives the court designates, if the victim is deceased or incapacitated.

"(C) *In Camera Proceedings.* Upon a party's motion and for good cause, the court may hear in camera any statement made under Rule 32(i)(4)."

under the circumstances there presented, the violation was not reversible error. *See Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962). It was the posture of the case, and not the fact of the rule violation, that proved dispositive, however.

In *Hill,* the defendant was convicted in a Federal District Court of transporting a kidnapped person and a stolen vehicle in interstate commerce. 368 U.S. at 424–25, 82 S.Ct. at 469, 7 L.Ed.2d at 419. At sentencing, the trial judge made no inquiry as to whether the defendant had mitigating evidence to present to the court. *Id.* at 425, 82 S.Ct. at 469–70, 7 L.Ed.2d at 419. That failure on the part of the trial judge was not objected to, nor was it raised as an issue on appeal. Four years later, the defendant collaterally attacked his sentence by filing a motion, pursuant to 28 U.S.C. § 2255 [Federal custody; remedies on motion attacking sentence], to vacate his sentence. He argued, among other things, that, "at the time of sentencing [he] had been 'denied the right under Rule 32(a) of Federal Rules of Criminal Procedure ... to have the opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.' " *Id.* at 425, 82 S.Ct. at 470, 7 L.Ed.2d at 419. The Supreme Court granted certiorari to consider the limited issue of whether a Rule 32 violation could be used to collaterally attack a sentence. *Id.*

The Court acknowledged that there was "no doubt as to what the Rule commands," *id.* at 426, 82 S.Ct. at 470, 7 L.Ed.2d at 420, and it was equally clear that the defendant "was not given an express opportunity" to make such a statement, nor did the defendant raise the issue. *Id.* The Supreme Court, however, was not convinced that an error of that nature constituted a successful collateral attack. *Id.* The Rule, it held, was not automatic, more must be present, for instance:

> "It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor is it suggested that in imposing the sentence

the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak."

*Id.* at 429, 82 S.Ct. at 472, 7 L.Ed.2d at 422.

Although we need not address whether violating Md. Rule 4–342 is a viable basis for a collateral attack, the aggravated circumstances referenced by the Court in *Hill* is precisely what is present in this case: a defendant desiring to present mitigating evidence, a defense counsel ready to present that information, and a trial court under the mis-impression that it is bound by a ruling of the appellate court. It was not. When the petitioner, through his counsel, expressed an interest in allocution, in accordance with Md. Rule 4–342, the trial court was permitted to hear and consider the information before imposing the sentence. That the Court of Special Appeals' mandate contained particular instructions to merge two of the charges did not preclude the trial court from complying with its primary task—the resentencing of the petitioner, which required it to take steps to ensure that the petitioner had a fair sentencing.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR NEW SENTENCING. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.